## Gordon v. Commonwealth.

(Decided January 11, 1921.)

## Appeal from Boyle Circuit Court.

1. Criminal Law—Accomplices.—An accused cannot be convicted of a crime on the testimony of an accomplice alone. In order to convict him there must be other evidence; in addition to that of the accomplice, of such character as will tend to show, not only that the crime was committed, but that it was committed by him, or that he participated in its commission.

2. Criminal Law—Accomplices—Corroboration.—On an appeal of the defendant in a criminal case, seeking the reversal of a judgment of conviction on the ground that it was illegally obtained upon the insufficiently corroborated testimony of an accomplice, the test applied by the appellate court of the sufficiency of the corroboration of the testimony of the accomplice, is to eliminate from the case the evidence of the accomplice, and then examine the evidence of the other witnesses with a view to ascertain whether there be inculpatory evidence, i. e., evidence tending to connect the defendant with the offense. If there is, the accomplice is corroborated.

3. Criminal Law—Accomplices—Corroboration.—As the application of the test, supra, to the evidence furnished by the record on this appeal convincingly shows a sufficient corroboration of the testimony of the accomplice, and even without that of the latter, authorized the verdict of the jury finding the appellant guilty of the crime of knowingly receiving stolen property, charged in the indictment, the judgment of conviction entered thereon, is free of error.

C. C. BAGBY, JOHN S. OWSLEY and BAGBY & HUGUELY for appellant.

CHARLES I. DAWSON, Attorney General, and T. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Howard Gordon, under an indictment charging him with that crime, was tried and convicted in the Boyle circuit court of knowingly and feloniously receiving stolen property of greater value than $20.00; the punishment imposed by the verdict of the jury and judgment of the court, being three years' confinement in the penitentiary at hard labor.

Although several other grounds were filed in support of appellant's motion for a new trial made in the

circuit court, the only one urged on this appeal by his counsel for a reversal of the judgment of the circuit court, is that the evidence was insufficient to authorize his conviction for which reason it is claimed, the refusal of that court to peremptorily direct his acquittal by the jury at the conclusion of the evidence, as requested by him, is reversible error.

The stolen property consisted of fourteen cases of cigarettes, known as the "Lucky Strike" brand, which with other cases of like brand were shipped to certain consignees, purchasers, at Englewood and Chicago, Illinois, and Pontiac, Michigan, by the American Tobacco Company from its plant in Reidville, North Carolina, in a freight car No. 1003033 of the Louisville and Nashville Railroad Company attached to a freight train of the Southern Railway Company, which from Tennessee to Danville and Lexington, Kentucky, ran upon and over the tracks of the Cincinnati, New Orleans and Texas Pacific Railroad Company. When the cigarettes were loaded at Reidville, North Carolina, the car was secured by a lock of the Southern Railway Company and a seal containing the brand of the American Tobacco Company, and upon its arrival at Danville inspection of it by the car inspector in the station yards showed that it was locked and the seal unbroken. The car, however, remained in Danville on a yard track several hours before starting again on the way to Chicago and while there, before day on the morning of May 10, 1920, was broken into and the fourteen boxes of cigarettes taken therefrom. The person or persons by whom the cigarettes were taken effected an entrance into the car by forcibly breaking the seal and lock, and replacing the lock with an old one formerly used by the Illinois Central Railroad Company. The breaking of the car and theft of the cigarettes were not discovered until the arrival at Lexington of the car and train to which it was attached May 10, the discovery being made immediately after the train reached Lexington by a car inspector charged with the duty of examining each car composing the train. No opportunity was afforded to any person of breaking into the car during the short run of the train from Danville to Lexington, which was made in the forenoon of May 10, with only one brief stop. The discovery of the breaking into the car and theft of the cigarettes was soon followed by the arrest and subsequent indictment of ap-

pellant and certain other persons for receiving the cigarettes, knowing them to be stolen property.

The facts thus far stated were established by evidence which was wholly uncontradicted.

John McKenzie, introduced as a witness for the Commonwealth, testified that at the time of the car breaking and theft of the cigarettes he was employed as a "car knocker" in the Danville depot yards; that he at appellant's request, before the breaking of the car and taking of the cigarettes, gave him the number of the car; and though he did not see the car broken into, he did later, and before daylight on the morning of May 10, see appellant and two or three other persons, whom he failed to identify, removing boxes from the car in question and loading them in an automobile, in which they seated themselves and rode away, taking the boxes with them. McKenzie also testified that on the same or next day appellant gave him some "Lucky Strike" cigarettes, which was the brand stolen from the car and later gave him $50.00, telling him it was a part of the money he (appellant) had realized from the sale of the cigarettes.

It is insisted for appellant that, though uncontradicted, the testimony of McKenzie shows him to have been an accomplice of appellant in the commission of the crime charged in the indictment, and that other evidence heard on the trial in behalf of the Commonwealth was not sufficiently corroborative of his testimony to establish appellant's guilt of the offense charged. Consideration of the evidence other than that furnished by the testimony of McKenzie, will show this contention to be without merit. Before referring to it, however, we will concede that McKenzie was an accomplice of the appellant in the meaning of the Criminal Code, section 241, declaring that:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient, if it merely shows that the offense was committed, and the circumstances thereof."

The fact that McKenzie was an accomplice is shown by his own admissions; and that he was so regarded by the trial court, is shown by its properly giving the jury an instruction containing in the same language the provisions of the section of the Code, *supra*. But as ap-

provingly said in Commonwealth v. McGarvey, 158 Ky. 570: ''In the note to Stone v. State, 98 Am. S. Rep. 169, is found a good test of the sufficiency of corroboration of the testimony of an accomplice, quoted from Weldon v. State, 10 Tex. App. 400, 'eliminate from the case the evidence of the accomplice, and then examine the evidence of the other witnesses with a view to ascertain whether there be inculpatory evidence—evidence tending to connect the defendant with the offense. If there is, the accomplice is corroborated.' ''

Let us now see what would result from the application of this test to the facts of the instant case. As previously stated, we find that the felonious breaking into the car and taking therefrom of the cigarettes, whether done by appellant or others, is shown by uncontradicted evidence, exclusive of the testimony of McKenzie. In addition, it was shown by the testimony of each of three witnesses, Sanders, Harlan and Caldwell, that a number of boxes or cases of cigarettes of the same brand as those stolen from the car, were in the possession of appellant and secreted at his home immediately after the stealing of cigarettes from the car, and that the cigarettes or the greater part of them in appellant's possession were sold by him shortly thereafter to two or more retail dealers, such sales, according to the testimony of the purchasers, being at prices, per box or case, less than half the market prices paid by retail dealers for such cigarettes.

It also appears from the testimony of Sanders, Harlan and Caldwell that the cases or boxes of cigarettes when sold by or for appellant, were by his orders delivered to the purchasers by taking them to their places of business through the back doors or entrances thereof; and further, that some of the cases of cigarettes thus sold and delivered were later identified and recovered by officers of the law as a part of the cigarettes stolen from the car. As it appears from the evidence that these sales were made for appellant by the witness Sanders; if it be claimed that this made him an accomplice, it is a sufficient answer to say that all the foregoing facts were as fully established by the testimony of Harlan and Caldwell as by that of Sanders, and many of them also by the purchasers of the cigarettes. Harlan and Caldwell, without knowledge of how appellant became possessed of the cigarettes, were merely employed by the

latter to assist Sanders in delivering the cigarettes when sold, and this they did by hauling them to the purchasers in Caldwell's automobile which was hired by appellant for that purpose. We have found nothing in the record that connects, Harlan, Caldwell or the purchasers of the cigarettes with the commission of the crime charged in the indictment, but the indisputable fact that the cigarettes in appellant's possession and which he, in large part, sold, were those, or a part of them, stolen from the car, together with the secrecy employed by him in holding and disposing of them, as well as the great sacrifice in price at which he sold them, all conduced to prove, either that they were stolen by him or that he otherwise obtained them with the knowledge that they had been stolen and with like knowledge sold them, intending both in receiving and selling them to feloniously deprive the owners thereof. So in view of the facts and circumstances referred to, the evidence of which from other witnesses and circumstances was sufficiently corroborative of the testimony of McKenzie and also that of Sanders, if the latter be deemed an accomplice, to compel the submission of the case to the jury. Furthermore, appellant introduced no evidence explanatory of his possession of the cigarettes.

Whether the evidence appearing in the record would have authorized the conviction of the appellant under an indictment for breaking into the car and stealing the cigarettes we need not decide. It is only necessary for us to say that in our opinion under the indictment returned for the lesser degree of that offense, it did authorize the appellant's conviction. Other grounds urged for a new trial in the court below, will not be discussed, further than to say that in our opinion none of them presents any reason for a reversal of the judgment. Moreover, as they are not relied on by appellant's counsel on this appeal, we can but assume that they have been abandoned. Judgment affirmed.