## Roberts v. Commonwealth.

(Decided May 1, 1923.)

## Appeal from Daviess Circuit Court.

1. Indictment and Information—Indictment Charging Possession of Illicit Still and Apparatus for Manufacturing Does Not Charge Two Offenses.—Under Rash-Gullion Act, section 4, making it unlawful to possess an illicit still or any apparatus designed for the manufacture of intoxicating liquors, and section 7, defining an illicit still or apparatus designed for the manufacture of intoxicating liquor without making any distinction between the still and the apparatus, so that the same proof would be admissible on the charge of possessing, either, an indictment charging the unlawful possession of a still and of apparatus designed for making intoxicating liquors does not charge two offenses.

2. Intoxicating Liquors—Evidence Held to Sustain Conviction for Possessing Illicit Still.—Evidence that witness had seen defendant drawing a white liquid out of a copper kettle into some fruit jars in a room in his house in which was a still, and that a few days later witness saw several barrels on the premises, some of which contained mash, held sufficient to sustain a conviction for possess-

ing an illicit still, notwithstanding proof that defendant's brother lived with him.

FLOYD J. LASWELL- for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

From a verdict and judgment in the Daviess circuit court finding him guilty and fixing his punishment at a fine of $400.00 and 10 days in jail, J. W. Roberts appeals.

He insists that the indictment was bad on demurrer and that he was entitled to a peremptory instruction to find him not guilty. The indictment was returned in October, 1922, and it specifically charges that "in Daviess county and within twelve months last before the finding of the indictment, J. W. Roberts did wilfully and unlawfully have in his possession an illicit still or apparatus designed for the unlawful manufacture of intoxicating liquor."

It is argued that this charges the commission of two offenses, viz.: First, unlawfully having in possession an illicit still; 2nd, apparatus designed for the unlawful manufacture of intoxicating liquor. Section 4, chapter 33, Acts of 1922, known as the Rash-Gullion Act, provides:

"It shall be unlawful for any person to buy, bargain, sell, loan, own, have in possession or knowingly transport an illicit still designated for the unlawful manufacture of intoxicating liquors or any apparatus designed for the unlawful manufacture of spirituous, vinous, malt or intoxicating liquors."

Section 7 of the same act provides:

"An illicit still or apparatus designed for the manufacture of liquor under this act shall include an outfit or parts of an outfit commonly used or intended to be used in the distillation of spirituous, vinous or malt liquors, which is not at the time of the trial duly registered in the office of the collector of internal revenue for the U. S. and the burden of proving that same is so registered shall be on the defendant or defendants under charge."

It thus appears that the legislature defined these terms and gave the same meaning to both, and as no dis-

tinction can be drawn between them, it follows that the same proof would be admissible on either charge and that charging both does not enlarge the offense in any degree; in other words, the two phrases are equivalent to each other, the latter being descriptive of the former. It follows that only one offense was charged in the indictment and the demurrer was properly overruled.

The Commonwealth's witness, Robert Hales, testified that he knew appellant; that he was at his house in Daviess county in the spring or summer of 1922, and saw him drawing a white liquid out of a copper kettle into some fruit jars; that he saw a still consisting of two kettles connected with each other in this room, and that there was also a small, two cap stove in the room in addition to the cook stove; that appellant's wife and children were in this room; that a few days later he saw fourteen rain barrels on the premises; that seven of these were under the kitchen floor and the others under the garage floor, and that some of them contained mash or slop.

While on cross-examination he admits that appellant had a brother, Sam, who lived with him, and that he does not know whether or not he was married, and further admits that he did not see appellant at the time he saw the still, we think the evidence sufficient to submit the case to the jury and uphold the verdict.

Judgment affirmed.

Whole court sitting.