## Spriggs, et al. v. Commonwealth.

(Decided October 19, 1923.)

### Appeal from Martin Circuit Court.

1. Intoxicating Liquors—Indictment Insufficient to Sustain Conviction.—There is no such offense as operating or assisting in the operation of an illicit or moonshine still, and it must be held that an indictment charging such acts was insufficient to sustain a conviction, though it also alleged unlawful possession of an illicit still; the Commonwealth having elected to prosecute for operation of a still, in view of Prohibition Act, section 4.

2. Criminal Law—One Carrying Wood and Building Fires in the Manufacture of Intoxicating Liquor an "Accomplice."—One who helped to build fires and carry wood, and do such other things as he was requested to do about an illicit still, though he had no interest in the distillery, except that he wanted liquor to drink, was an "accomplice," under Criminal Code of Practice, section 241, providing that conviction cannot be had on testimony of an accomplice, unless corroborated.

3. Criminal Law—Corroboration of Accomplice.—Under Criminal Code of Practice, section 241, an accomplice is one of several actually concerned in the commission of an offense, whether a felony or misdemeanor, and a conviction cannot be had on his testimony, unless corroborated by other evidence, and the cor-

roboration must extend to every fact necessary to establish the fact that the offense charged was committed and that the prisoner was the perpetrator.

4.  Criminal Law—Test as to Sufficiency of Corroboration of Accomplice.—In determining the sufficiency of the corroboration of an accomplice, if the testimony of the accomplice be eliminated from the case, and the testimony of other witnesses be not sufficient to establish the commission of the offense and the connection of the accused therewith, the corroboration is insufficient.

J. B. CLARK for appellant.

THOS. B. McGREGOR, Attorney General, LILBURN PHELPS, Assistant Attorney General. JOHN W. WHEELER and JASPER PREECE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

The two appellants and J. C. Spriggs were indicted in the Martin circuit court and found guilty of the offense of operating or assisting in the operation of an illicit or moonshine still, and each fined $300.00 and adjudged to serve ninety days in the county jail. Of the several grounds assigned for a reversal of the judgment it will be necessary for us to consider only two: (1) The sufficiency of the indictment; (2) the competency of the evidence introduced by the Commonwealth.

1.  The indictment is charged to be duplicitous. It charges the offense (a) of having in possession a moonshine still, and (b) operating an illicit or moonshine still. Appellants demurred to the indictment, but this demurrer was overruled when the Commonwealth elected to prosecute appellants on the charge of "operating a moonshine still." The statute does not denounce as a public offense "operating a moonshine still." The recent prohibition act, section 4 provides that "it shall be unlawful for any person to buy, bargain, sell, loan, own, have in possession or knowingly transport an illicit still," and provides a penalty for a violation of any of these provisions. The seventh section of the same act defines the words "illicit still." Roberts v. Comth., 199 Ky. 28.

Had the Commonwealth elected to prosecute appellants for the offense of having in possession a moonshine still, the indictment would have been good, but having elected to prosecute appellants for doing an act which is not denounced by the statutes as an offense, the indict-

ment is wholly insufficient to sustain a conviction, although it cannot be said to be duplicitous. As the judgment must be reversed the Commonwealth may re-refer the indictment to the grand jury, or elect to try appellant under the old indictment upon the charge of "unlawfully having in possession a moonshine still."

2. The Commonwealth relied for a conviction upon the evidence of one Johnson, who testified that on divers occasions during the winter of 1922, about February, he went with the appellants and J. C. Spriggs to a moonshine still located on a certain branch in Martin county, where the appellants engaged in operating a still for the manufacture of intoxicating liquors; that appellants helped to build the fires and carry the wood and do such other things as they were requested to do about the still; that they had no interest in the distillery except that they wanted liquor to drink; that all of the persons named in the indictment were at the distillery when he was there and they all assisted in operating it. Clearly he was an accomplice. Comth. v. Stringer, 195 Ky. 717; Dennison v. Comth., 198 Ky. 374. Our Criminal Code, section 241, provides:

"A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show that the offense was committed, and the circumstances thereof."

In construing this section we have held that an accomplice is one of several equally concerned in the commission of an offense against our laws, whether a felony or misdemeanor, and that a conviction cannot be had on the testimony of an accomplice unless corroborated by other evidence, and the corroboration must extend to every fact necessary to establish the fact that the offense charged was committed and that the prisoner was the perpretrator. Powers v. Comth., 114 Ky. 237.

To evade the operation of the Code provision above quoted the Commonwealth by its attorney undertook to show by the witness Johnson that he was at the distillery on a day when he did not assist in its operation and was not therefore an accomplice, but the witness could not state that he had been at the distillery with appellants on any day when the witness did not assist in operating the still. The object of the Commonwealth was to prove

by Johnson that he had witnessed the appellants operating the still, making a run of whiskey at a time when the witness did not assist, and was not therefore an accomplice. Whether this theory of the Commonwealth was sound it is unnecessary now to decide, for it is not shown by the evidence that the witness was ever present at the distillery except on days when he aided and assisted appellants in operating the distillery. Johnson was therefore an accomplice of the appellants and each of them, and a conviction could not be had upon his testimony alone. The Commonwealth also called one Crum as a witness, but he had never seen the distillery nor appellants engaged in operating a distillery and could not therefore corroborate the evidence of the witness Johnson so as to connect the appellants with the commission of the offense. He only testified that he had been in the hollow where the still is said to have been a year before, and saw some stakes or posts so located as to have been used to support a roof, but he did not see a furnace or any sign that one had been there. A corroboration which merely goes to the extent of proving that the offense has been committed and the circumstances thereof is, by the Code provision, wholly insufficient to support a conviction. The corroboration must tend to connect the defendant with the commission of the offense and to show him the perpetrator and must extend to every fact necessary to establish the commission of the offense.

The test is, if the testimony of the accomplice be eliminated from the case and the testimony of the other witness or witnesses be not sufficient to establish the commission of the offense and the connection of the accused therewith, the corroboration is insufficient. Had the Commonwealth rested its case upon the evidence of Crum alone no offense would have been proven, much less appellants' connection therewith. Manifestly the evidence was insufficient to support the verdict. The trial judge should not have submitted the case to the jury. If upon another trial the evidence is in substance the same as upon the last trial, the court will direct the jury to find and return a verdict for the defendants.

Judgment reversed for proceedings consistent with this opinion.

Judgment reversed.