## Drake v. Commonwealth.

(Decided January 15, 1924.)

### Appeal from Christian Circuit Court.

1.  Criminal Law—Affidavit for Continuance Held Not to Show Diligence.—An affidavit for continuance because of absence of witnesses did not make a proper showing of diligence, where it stated defendant caused a subpoena to be issued but failed to state when it was issued, whether it was executed, and, if so, when and by whom.

2.  Criminal Law—Reading Affidavit as to Absent Witness' Testimony Rendered Refusal of Continuance Nonprejudicial.—Where court permitted affidavit as to testimony of absent witness to be read as deposition and defendant as fully obtained the benefit of the testimony as if he had been present, the refusal of the continuance did not prejudice the defendant's substantial rights.

3.  Intoxicating Liquors—Evidence Sufficient to Sustain Conviction of Aiding Sale.—In a prosecution for unlawfully aiding and abetting another to sell and in selling intoxicating liquor, evidence held sufficient to sustain a conviction.

·4.  Criminal Law—Jury May Believe Testimony and Disbelieve Contradicting Testimony.—Where the evidence of witnesses is contradictory, the jury may believe the witnesses of the Commonwealth and reject testimony of the defendant, though attack was made on reputation of one of Commonwealth's witnesses for veracity.

OTTO H. ANDERSON for appellant.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The appellant, Ed Drake, was twice tried and convicted of the offense of unlawfully aiding and abetting

another to sell and in selling intoxicating liquor, not for "scientific, mechanical, medicinal or sacramental purposes." The offense was charged by a warrant issued from the Hopkinsville police court, in which city the offense was alleged to have been committed. The first trial and conviction of the appellant was had in the police court, the second in the circuit court, to which the case was carried by appeal. On the trial in the police court his punishment was fixed at a fine of $100.00 and thirty days' imprisonment in jail; but on the trial in the circuit court the punishment inflicted upon him was a fine of $300.00 and imprisonment of sixty days in jail; and from the judgment entered on the verdict of the jury in the circuit court he has appealed to this court.

He insists first that the trial court erred in refusing him a continuance, which was asked on account of the absence of his nephew, Owen Marshall, who, according to the evidence of the Commonwealth, made the sale of the whiskey aided by appellant. It was stated in the affidavit that Marshall, if present, would truthfully testify that he was not present at the time the Commonwealth's witnesses claimed to have purchased in the appellant's soft drink stand the whiskey in question, and that he did not then or at any time sell them any whiskey. We find, however, that the affidavit fails to make a proper showing of diligence on the part of the appellant in trying to secure the attendance of Marshall as a witness. It does state that he caused a subpoena to be issued for him, but failed to state when it was issued, whether it was executed and, if so, when and by whom it was executed. But notwithstanding the insufficiency of the affidavit, the court permitted it to be read as the deposition of Marshall, from which we must conclude that appellant as fully obtained the benefit of the witness' testimony as if he had been present and orally given it, in view of which the refusal of the continuance did not prejudice the appellant in any of his substantial rights.

The appellant next complains of the instructions, but we fail to find any error in them. The warrant under which the appellant was tried charges an offense denounced in section 5 of the prohibition enforcement act of 1922, which is as follows:

"Every person knowingly aiding or abetting any person, firm or corporation in the violation of any of the

provisions of this act, shall be deemed a principal and punished as such.''

The instructions were drawn in accordance with the provisions of this section and aptly advised the jury of the grounds upon which they would be authorized to find the appellant guilty of the offense charged; and of the necessity of his guilt being made to appear from the evidence beyond a reasonable doubt.

He next complains that the evidence was insufficient to authorize his conviction. This contention is manifestly unsound. The two witnesses for the Commonwealth, Mayton and Monasco, were special policemen or patrolmen, whose duty it was to discover violations of the prohibition law and bring the persons committing them to trial. They each testified that on Sunday night, June 3, 1923, they entered the soft drink stand of the appellant in Hopkinsville between seven and eight o'clock, where they found him, his nephew, Owen Marshall, and Jack Stewart present, and that they (Mayton and Monasco) each purchased a drink of whiskey of Owen Marshall and paid for each drink twenty-five cents, in the presence of the appellant and Stewart. They also testified that Marshall served customers in the appellant's store and had been so engaged for some time; and that their purchases of the drinks of whiskey were made solely for the purpose of detecting appellant and Marshall in a violation of the prohibition law.

The appellant, upon being introduced as a witness in his own behalf, denied the making of the sale of whiskey by Marshall to the Commonwealth's witnesses; and also denied that they were in his soft drink store on the Sunday night in question or that the store was open after seven o'clock that night. He likewise denied that there was any whiskey in his place of business. Jack Stewart testified that he was not in the soft drink establishment of the appellant on the Sunday night in question and did not see Marshall sell them any whiskey. There was additional evidence in behalf of the Commonwealth from two witnesses attacking the reputation of Mayton for veracity, who stated that it was bad.

It will readily be seen from what is said of the evidence that it was unusually contradictory. But while this is true it was the right of the jury to believe that of the Commonwealth's witnesses, and reject that of the appellant; and notwithstanding the attack upon the repu-

tation of Mayton they may have had sufficient confidence in the integrity and truthfulness of Monasco, the other witness of the Commonwealth, to rely upon his testimony as to the truth of the transaction in question; and this, too, they had the right to do.

The appellant's final contention that the verdict was the result of passion and prejudice on the part of the jury, is unsupported by the record, which contains none of the earmarks of passion or prejudice. Partin and Allen v. Commonwealth, 197 Ky. 840.

The record being free from reversible error the judgment is affirmed.