## Mabry v. Commonwealth.

(Decided February 5, 1924.)

### Appeal from Christian Circuit Court.

1. Intoxicating Liquors—Whether Defendant Made Sale Held for Jury.—In a prosecution for sale of intoxicating liquor, guilt of defendant held for the jury.

2.   Criminal Law—Verdict on Conflicting Evidence Conclusive.—Verdict of conviction based on conflicting evidence is conclusive on appeal.

3.   Criminal Law—That Witnesses were Policemen Employed for Entrapment went Only to Credibility and Not to Admissibility.—That witnesses testifying to unlawful sale of intoxicating liquor were special policemen employed for the purpose of entrapping unsuspecting bootleggers went alone to the credibility of their evidence, and did not warrant the court in excluding the evidence or of withdrawing the case from the consideration of the jury.

4.   Criminal Law—One Employed to Entrap Violators of Prohibition Law Not Accomplice.—One employed by a city to entrap violators of the prohibition law by the purchase of liquor is not an accomplice under Criminal Code of Practice, section 241, requiring accomplice evidence to be corroborated.

OTHO H. ANDERSON for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Affirming.

Appellant Mabry insists the judgment of conviction against him for selling liquor, fixing his punishment at a fine of $100.00 and thirty days in the county jail, should be reversed for one or more of the following reasons:

1.   Because the verdict and judgment are contrary to the facts and are not supported by the law or the facts;

2.   Because the verdict of the jury is the result of passion and prejudice; and

3.   Because the court failed to give the whole law of the case in that it should have instructed the jury at the end of all the evidence to find the defendant not guilty.

In order to determine whether or not these grounds or either of them are well taken, we must briefly recite the evidence. Appellant Mabry lives near Hopkinsville. He has a brother who runs a restaurant and soft drink stand in that city. According to the evidence for the Commonwealth, appellant on Friday night, June 1st, last, was in the restaurant of his brother in Hopkinsville, Christian county, when the two witnesses, Meyten and Monasco, entered the place and inquired of appellant if he had any whiskey, whereupon he told them to go into the back of the room, or back room, and wait; that they followed his directions and after waiting a short time appellant appeared and took from his back pocket a flask of some kind containing whiskey; that he poured out for

each of the witnesses a drink. One of the witnesses paid him fifty cents (50c) for the two drinks, and the two witnesses drank the liquor and departed. Appellant denied the whole transaction and said that he did not see the witnesses on that occasion and that he did not furnish them liquor, and that he was not present at the time and place mentioned. He undertook to prove an alibi by witnesses who were present at the rehearsal of a show at a certain place in the city that night. These witnesses sustained appellant in part in his contention, that he was at the show, but whether at the exact hour at which the witnesses for the Commonwealth testified he sold them the whiskey is not certain. As will be seen there was a sharp conflict in the evidence. The question therefore was for the jury. Its determination upon the facts is conclusive. The verdict was not contrary to the evidence nor unsupported by it. The appellant was not entitled to a directed verdict in his favor. To have given such an instruction would have been gross error.

Appellant's third complaint is that the court failed to give the whole law of the case. This, however, is based upon the failure of the court to direct the jury to find him not guilty. As we have seen, the court would not have been warranted in giving such an instruction.

Appellant makes much complaint of the witnesses who testified against him, because they stated in their evidence that they were special policemen of the city of Hopkinsville and were employed for the purpose of entrapping unsuspecting bootleggers. For these reasons he insists that the jury should not have believed their testimony. This fact went alone to the credibility of their evidence and would not have warranted the court in excluding the evidence or of withdrawing the case from the consideration of the jury.

We have held in several recent cases, including Cooke v. Commonwealth, 199 Ky. 111; Lewis v. Commonwealth, 201 Ky. 343; and Drake v. Commonwealth, 201 Ky. 604, that one employed by a city to entrap violators of the prohibition law by the purchase of liquor is not an accomplice in the sense intended by section 241 of the Criminal Code, requiring the evidence to be corroborated before a conviction can be had. This question, however, is not made by appellant.

We find no reason for disturbing the judgment, and it is affirmed.

Judgment affirmed.