## Potter v. Commonwealth.

(Decided April 22, 1924.)

### Appeal from Pike Circuit Court.

Criminal Law—Conviction for Operating Moonshine Still Not Permitted to Stand.—Where indictment charged offense of manufacturing, giving away, keeping for sale, and transporting intoxicating liquors, and defendant demurred, and Commonwealth elected to try him "for operating a moonshine still," a conviction therefor will not be permitted to stand, but the judgment will be reversed, and the case remanded so that the Commonwealth may be permitted to make another election; there being no such offense as "operating a moonshine still."

PICKLESIMER & STEELE for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

The grand jury of Pike county returned an indictment against Ira Potter charging him with the "offense of unlawfully manufacturing, selling, bartering, possessing, giving away, keeping for sale and transporting intoxicating liquor." He demurred to the indictment and the Commonwealth elected to try him "for operating a moonshine still." The court instructed the jury to find him guilty if they believed from the evidence to the exclusion of a reasonable doubt that he, in Pike county and within twelve months before the finding of the indictment, "operated a moonshine still, or engaged in the manufacture of whiskey, or helped to manufacture whiskey." He was found guilty and his punishment fixed at

a fine of $100.00 and sixty days in jail. From the judgment based on the verdict this appeal is prosecuted.

Under the present statute there is no such offense as operating a moonshine still. Spriggs v. Commonwealth, 200 Ky. 559, 255 S. W. 108. As the Commonwealth elected to try appellant, and the instruction authorized his conviction for an offense unknown to the law and not even charged in the indictment, the judgment cannot be upheld. On the return of the case the Commonwealth will be permitted to make another election.

Judgment reversed and cause remanded for proceedings consistent with this opinion.