## Commonwealth v. Lee.

(Decided September 30, 1924.)

## Appeal from Bullitt Circuit Court.

1. Intoxicating Liquors—One Selling Supplies for Construction and Operation is Not Accomplice of One who Owns and Controls Still.—One who does not own or exercise any dominion over still, but merely sells to another supplies for its construction and operation, is not in possession of still and is not accomplice of one who owns and exercises exclusive control over still.

2. Criminal Law—Corroboration of Accomplice Not Sufficient if it Merely Shows Alleged Offense was Committed.—Under Criminal Code of Practice, section 241, conviction cannot be had on testimony of accomplice unless corroborated by other evidence tending to connect defendant with commission of offense, and corroboration is not sufficient if it merely shows that offense was committed and circumstances thereof.

3. Intoxicating Liquors—Evidence Held Sufficient to Authorize Conclusion of Joint Possession of Still by Defendant and Another.—Evidence held sufficient to authorize jury to conclude that still was in joint possession of defendant and another.

4. Criminal Law—Evidence Corroborating Accomplice Held Sufficient to Make Guilt—Possession of Still Question for Jury.—Evidence corroborating testimony of accomplice held sufficient to make defendant's guilt of possessing still question for jury.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellant.

C. P. BRADBURY and A. E. FUNK, JR., for appellee.

Opinion of the Court by Judge Clay—Certifying the law.

Herbert W. Lee, who was convicted of possessing an illicit still, was granted a new trial, and the Commonwealth has appealed for the purpose of having the law certified.

P. P. Philpott testified that he and Lee were partners in the operation of the still. Lee furnished the still, brick, cement, meal, and all supplies, and witness did the work. They sold the whiskey and divided the proceeds "fifty-fifty." Mr. Sadler hauled the cement, and some of the meal. In setting up the still they used a stand and some brick and cement. The still was located about a quarter of a mile from his house, and he was right at the still when the officers came on October 15th.

Fred Sadler testified that either before or after Christmas he hauled some meal for Lee. There were two or three loads of meal, and they were hauled to Mr. Philpott's. Later on he hauled two loads of cement, and a load of lumber. One of these loads he put off at Philpott's house. The cement was unloaded within a quarter of a mile of the place where the still was found. He also got some lumber at Mr. Lee's house, and hauled it up in the hollow close to Mr. Philpott's house. In all, he hauled about four tons of meal for Mr. Lee during the year ending the previous October. Lee paid him for some of the meal, and Philpott paid for part of this meal that came from Patterson's store. Another time a truck brought a load of stuff to his house. He didn't remember whether it was for Lee or Philpott, he thought Lee, and he took it out to the hollow for him. At the time he put the load of cement and lumber in the hollow, Mr. John Kreigler and Mr. Philpott's boy were there. That occurred in the early part of April. On cross-examination the witness stated that he didn't remember whether it was 1922 or 1923 that the meal was hauled, but thought it was along about Christmas. He also stated he thought the cement and lumber were hauled in 1923.

Joe Kreigler testified that he lived next to Mr. Philpott, and the still was about 300 yards from his house. He saw the still at the time it was destroyed, and once before. The only man he had seen at the still was Mr. Philpott. He had never seen Mr. Lee at the still, but saw him about 200 yards from the still going down the road

through the cornfield, immediately after the still was destroyed.

It is conceded that Philpott was an accomplice, and the question for decision is, was Sadler an accomplice, and if not, was there sufficient corroboration of Philpott's evidence?

It must not be overlooked that the offense charged is the possession of an illicit still. Possession means owning, or having a thing in one's power, and one who does not own, or exercise any dominion over a still, but merely sells to another supplies for its construction and operation, is not in possession of the still, and is therefore not an accomplice of one who owns and exercises exclusive control over the still.

Under our Code a conviction can not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that offense was committed and the circumstances thereof. Criminal Code, section 241.

Summing up the evidence of the witnesses other than Philpott, we find that Philpott was at the still when the still was captured. Sadler hauled for Lee supplies that are ordinarily used in the construction and operation of a still. Some of these supplies were delivered at Philpott's house, and some at a point not far distant from the still. Part of these supplies were paid for by Philpott and part by Lee. Lee was only 200 yards away when the officers arrived. These circumstances justified the inference that Philpott and Lee were engaged in the joint enterprise of owning and operating the particular still at which Philpott was found, and near which Lee was seen when the officers arrived, and were sufficient to authorize the jury to conclude that the still was in the joint possession of Philpott and Lee. It necessarily follows that the corroborating evidence tended to connect Lee with the commission of the offense, and was sufficient to make his guilt a question for the jury.

Wherefore, this opinion is certified as the law of the case.