## Goodin v. Commonwealth.

(Decided January 26, 1926.)

### Appeal from Bell Circuit Court.

Criminal Law—Evidence Held Insufficiently Corroborative of Accomplice's Testimony to Take Case to Jury.—In trial for breaking storehouse, evidence held insufficiently corroborative of accomplice's testimony to authorize submission of case to jury, in view of Criminal Code of Practice, sections 241, 242.

E. N. INGRAM for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

Appellant was convicted in the Bell circuit court of breaking into a storehouse and prosecutes this appeal from the judgment imposing upon him as punishment one year's confinement in the penitentiary. It is vigorously insisted for him that his conviction was had upon the testimony of an accomplice alone and that under the provisions of sections 241 and 242 of the Criminal Code the trial court should have directed a verdict of acquittal.

He was charged with having broken the storehouse of Dean & McGaffee. The two members of that firm testified, but their testimony merely established that their storehouse had been broken either on Friday or Saturday night by someone removing the wire screening, breaking the glass, raising the window and entering. The only two articles missing from their stock of goods known to them were two pairs of white gum shoes, one with white and the other with black soles. Their storehouse was located near a mine which had been closed down. Due to that fact they did not keep it open regularly but went

to it only when called on by someone desiring to purchase something or when they desired to procure something for themselves. They were not positive whether they had been last in the store on Thursday or Friday. One of the partners went to the store Sunday morning and discovered that it had been broken and entered. He went for his partner and together they examined the building and its contents and were able to testify as above indicated. Jasper Roe testified for the Commonwealth that he lived on Greasy creek, about a mile above the storehouse in question, and that on Friday night before the Sunday on which they discovered that the storehouse had been broken he met appellant and his co-defendant, Forester Fuson, in the public road in front of his home going in the direction of the storehouse in question. The Commonwealth then introduced appellant's co-defendant, Forester Fuson, who testified that on Friday night before the Sunday on which it was discovered that the storehouse had been broken, he and appellant removed the wire screening, broke the glass, raised the window and entered, and that they took two pairs of shoes and two twists of tobacco and nothing else. The Commonwealth thereupon closed, and appellant entered a motion for a directed verdict which the trial court overruled. Defendant then testified for himself and denied that he was in or about the storehouse in question or that he broke or entered it or took the shoes or tobacco or anything else from it. He testified that he was elsewhere at the time it is alleged the storehouse was broken, and by a sister and a brother and one or two other witnesses he introduced testimony tending to establish an *alibi*. Appellant's brother, while being cross-examined, was asked and answered as follows:

"Q. Honestly and candidly, didn't your brother have a pair of new white shoes with white soles, gum shoes, that hurt his feet and didn't you get them from him, or didn't he let you have them? A. Well, sir, I got a pair of shoes afterward, but the best I can remember, it was afterward. Q. A few days after, wasn't it? A. Yes, sir. Q. Didn't he tell you that those shoes had skinned up his feet and you could have them? A. He just swopped with me because I wanted to swop. Q. They hurt his feet, didn't they? A. I guess so."

The foregoing in brief is the substance of all evidence heard upon the trial hereof, especially that tending to establish appellant's guilt herein.

Sections 241 and 242 of the Criminal Code of Practice read:

> "A conviction can not be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show that the offense was committed, and the circumstances thereof.

> "In all cases where, by law, two witnesses, or one witness with corroborating circumstances, are requisite to warrant a conviction, if the requisition be not fulfilled, the court shall instruct the jury to render a verdict of acquittal, by which instruction they are bound."

It will be observed that at the close of the testimony for the Commonwealth no fact or circumstance tending to connect defendant with the commission of the offense charged had been heard in evidence save the facts testified to by appellant's co-defendant, Forester Fuson, who clearly by his own testimony established he was the accomplice of appellant in the commission of the crime charged. It was proved by the members of the partnership who owned the storehouse that it had been broken. However, section 241, *supra,* expressly provides that the corroboration is not sufficient if it merely shows that the offense was committed and the circumstances thereof. The fact testified to by one of the Commonwealth's witnesses that he saw appellant and his co-defendant pass his home in the public highway about a mile from the location of the storehouse and traveling in its direction can not be said to establish that appellant is guilty of the offense charged, and can not be held to be sufficient corroborative evidence, under section 241 of the Code, to authorize a submission of the case to the jury, in view of the provisions of section 242, *supra.* The only fact or circumstance added to those proved for the Commonwealth by the testimony of the witnesses introduced for defendant is contained in that portion of his brother's testimony quoted above.

After a careful consideration and complete analysis of that testimony, this court is unwilling to hold that it is

sufficiently corroborative of the testimony of the accomplice, in view of sections 241 and 242 of the Criminal Code, *supra*, to authorize a submission of this case to the jury.   We conclude that the trial court erred in not sustaining appellant's motion for a directed verdict.

For the reasons indicated, the judgment is reversed and this cause is remanded with direction that appellant be granted a new trial consistent with this opinion.