## Commonwealth v. Shouse.

(Decided November 26, 1929.)

J. W. CAMMACK, Attorney General; GEO H. MITCHELL, Assistant Attorney General, and H. B. KINSOLVING, Jr., for appellant.

THAD CHEATHAM, GEORGE L. PICKETT and T. B. ROBERTS for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Certifying the law.

Milton Shouse, the appellee, was indicted by the grand jury of Shelby county for the crime of grand larceny committed by stealing from R. L. Doyle and Hart Wallace four jersey calves. At the conclusion of the evidence introduced by the commonwealth on the trial, the trial court peremptorily instructed the jury to return a verdict in favor of Shouse. The chief witness for the commonwealth was one Orbie Nethery, who was an accomplice. The sole question was whether his evidence was corroborated as is required by section 241 of the Criminal Code. The trial court was of the opinion that the corroboration was not sufficient under the provisions of sections 241 and 242 of the Criminal Code. Consequently, he directed an acquittal. The commonwealth, after making a motion for a new trial which was overruled, has appealed, asking for a certification of the law.

Section 241, Criminal Code, is as follows: "A conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows that the offense was committed, and the circumstances thereof."

That the witness, Nethery, was an accomplice is not disputed. He was corroborated to the extent of showing that the offense was committed, and the circumstances thereof. But that is not sufficient. Howard v. Com., 110 Ky. 356, 61 S. W. 756, 22 Ky. Law Rep. 1845; Spriggs v. Com., 200 Ky. 559, 255 S. W. 108; Crouch v. Com., 201 Ky. 460, 257 S. W. 20; Mabry v. Com., 201 Ky. 825, 258 S. W. 678; Com. v. Lee, 204 Ky. 575, 264 S. W. 1112.

The other evidence sufficient to convict must be evidence tending to connect the defendant with the commission of the offense. Frazier v. Com., 190 Ky. 196, 226 S. W. 1069; Gordon v. Com., 190 Ky. 172, 227 S. W. 144; Shuttles v. Com., 190 Ky. 176, 227 S. W. 154; Harper v. Com., 211 Ky. 346, 277 S. W. 457; Goodin v. Com., 212 Ky. 561, 279 S. W. 984; Harvey v. Com., 205 Ky. 356, 265 S. W. 833.

Section 242, Criminal Code, is as follows: "In all cases where, by law, two witnesses, or one witness with corroborating circumstances, are requisite, to warrant a conviction, if the requisition be not fulfilled, the court shall instruct the jury to render a verdict of acquittal, by which instruction they are bound."

If the other evidence offered by the commonwealth did not tend to connect the defendant with the commission of the offense, the direction by the trial court to return a verdict for him was proper, but, if the other evidence tended to connect him with the commission of the offense, the determination of the case was for the jury.

Orbie Nethery lived with Shouse, and, according to his testimony, he assisted Shouse in the larceny. Shouse lived on a farm in the neighborhood near the home of Mr. Wallace. Both the Nethery boy and Shouse lived in the house of Jodie Hughes. He testified: That in January, 1929, he and Shouse went to the property of Hart Wallace for the purpose of stealing his calves; that Wallace was at the time in Florida; that Shouse had previously lived on the farm of Wallace; that about two days before the theft Shouse and he agreed that they would go to the farm of Mr. Wallace while he was in Florida and steal the calves, Shouse at the time saying that Wallace would never miss them; that they did not go at the time agreed upon, but did go on the night of the 14th of January; that, on the day preceding the night that they stole the calves, they had been together stripping tobacco at the barn of Jodie Hughes; that at the time Shouse had a Ford touring car, 1926 model, painted green; that during the afternoon of the day in which the crime was committed the car was in the garage on the farm of Hughes; that about 11 o'clock the witness and Shouse obtained the car from the garage and drove out the state pike and parked the car in front of the house of Mr. Wallace on the state highway; that they arrived

at the home of Wallace a few minutes after 11 o'clock, alighted from the car, went through the yard and to the front door of the barn, and finding it locked, they went to a little door on the end of the barn which was not locked. They entered this door and went to a little pen inside the barn where the calves were kept and took out four of them and put them in the car, where they were tied with a wire. The calves were placed in the rear part of the car, and it was then driven to the farm of Jodie Hughes, where the car and the calves were kept over night. Early the next morning Shouse and Nethery took the calves in the car to the Fischer Packing House on Mellwood avenue in Louisville. In going to Louisville, they traveled on the state highway to St. Matthews, where they turned in to Frankfort avenue, following that street to Mellwood; then following Mellwood to the Fischer Packing House. On the way to Louisville, they stopped at Middletown to put water in the radiator. The calves were concealed by the curtains of car and by gunny sacks which had been hung on the sides of the car. They stopped just before reaching the packing house, and Shouse went up to it to see if there was any one about who might recognize him. Upon his return, Nethery drove the calves to the packing house, where he discovered that there was a suspicion that the calves had been stolen. He fled, leaving the calves there, and told Shouse that he was accused of stealing the calves. They left in the car and returned on the state highway to Middletown, where they turned off and went to Fisherville, where Nethery stopped with Jim Cook and remained for six days. Shouse left him there, saying that he was returning to the home of Jodie Hughes. A day or two later Shouse returned to Fisherville in the same car and there had a talk with Nethery, saying that he was going to leave his car over there, and he then took the tires off and left the car on the Fisherville highway between Fisherville and Middletown. Nethery returned to the home of Jodie Hughes and stayed there about three days, and at the time Milton Shouse was also there. Shouse asked him if he heard anything about the stealing of the calves, and was told by Nethery that he had heard nothing. The witness was advised to leave the home of Hughes, and Mr. Hughes, in company with Shouse, took him to a station below Simpsonville, and he went from there to Louisville.

In brief the above narration embodies the salient points in the evidence of the 19 year old Nethery boy. The other evidence will now be considered.

Hart Wallace testified that he was in Florida at the time the calves belonging to him and Robert Doyle were stolen. He knew Milton Shouse, and testified that he had previously worked for him.

John Strange, who lived in the neighborhood a few hundred yards from the home of Jodie Hughes, testified that he saw Nethery and Shouse go into their home about sundown on the afternoon of January 14th; that shortly after that time he went up the hill from his residence to the Hughes home where Shouse and Nethery lived, and he saw them together about dark on the night that the calves were stolen. He also testified: That Shouse owned a Ford touring car, model 1926 or 1927, of a green color, and that he saw the car in the garage or barn at the time he was at the home of Hughes on the night of the theft. He had gone to the home of Hughes to use a telephone, but Hughes ordered him out of his house, and he left without using it. About 10:30 or 11 o'clock that night the witness noticed a car come out of the barn or garage where Shouse's car was kept, and watched the lights as it came down the hill, passed his home to the Little Bullskin road, and saw it proceed south on that road towards the state highway which leads from Shelbyville to Louisville. He drove down the highway to see a nephew, and, as he passed, he saw the lights of a car parked on the road in front of Mr. Wallace's residence and between his front gate and the bridge, and, as he approached nearer to the car, it pulled across the road from the south side to the north side, moving towards Louisville, and he testified that the car he saw was the one belonging to Milton Shouse, but he was unable to identify the persons in the machine. According to his evidence, it was between 11 and 12 o'clock on the night of the 14th of January when he saw the car of Shouse parked near the Wallace property from which the calves were stolen.

Mrs. Mable Strange testified that she saw Nethery and Shouse when it was just about dark on the evening of January 14th. She saw the lights of the car as it left the Hughes barn about 11 o'clock on that night.

Carl Moser testified that he and another young man who was with him were trucking some live stock to the Fisher Packing Company in Louisville on the morning of

the 15th of January, and when they reached Middletown they noticed a car with burlap outside around the curtains and rear seat, and apparently the car was heavily loaded. This car stopped at the last garage in Middletown. His attention was particularly directed to the car because it proceeded as if heavily loaded, and it appeared that something was hidden in the rear part of the car. When the car stopped at the garage, he passed it with his truck. Later the same car passed him on Mellwood avenue, and he saw two men in the car. He had also seen two men in the car at Middletown. At the Fischer Packing Company he saw the car in charge of one of the young men, but he did not see the other, and he thereafter identified the one that he saw as Nethery. He testified that the other man that he had seen on the road at Mellwood avenue was a young man heavier than Nethery; that Nethery remained at the plant of the packing company fifteen or twenty minutes. He took the license number of the Ford touring car in which he had seen the two young men. It bore a Shelby county license 759294 for the year 1929. He also saw the four calves left with the packing company when Nethery fled.

C. C. Young was the man with Moser, and he testified substantially to the same facts as testified to by Moser.

J. C. Ray, the county clerk of Shelby county, testified that Shouse owned the car bearing the license No. 759294.

We are of the opinion that the evidence of these witnesses was sufficient corroboration to authorize the submission of the case to the jury. Their testimony went further than to merely show that the crime had been committed, and the circumstances thereof. Nethery and Shouse were seen together late on the day of the theft; the car was seen leaving the home of Hughes about the time that Nethery testified that it left; it was seen near the home of Mr. Wallace, where Nethery testified that it stopped; it was the car of Shouse; two men were seen driving it to Louisville the next morning. These facts were evidence tending to connect Shouse with the commission of the offense. The evidence is not strong, but we have reached the conclusion that it was a question for the jury as to whether Shouse committed the offense.

The law is accordingly certified.