## Fox v. Commonwealth.

(Decided October 30, 1931.)

812

 

C. R. LUKER for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN —Reversing.

The appellant was convicted in the Laurel circuit court of the offense of unlawfully having in his possession an illicit still designed for use in the unlawful manufacture of intoxicating liquors, and, this being his third offense, he was sentenced to serve a term of five-years in the penitentiary.

The facts of this case are these: About 3 o'clock in the afternoon of Saturday, November 1, 1930, an officer found a still at the foot of a cliff in Laurel county, and nearby one barrel of mash. There was no one at that time near the still. The officer left and returned later that afternoon with a number of other officers, and they discovered that in the meantime four more barrels of mash had been prepared. Again no one was found at the still. On the next afternoon the officers once more returned to the still, and again found nobody present. They concealed themselves a short distance away, and watched to see if any one would come to the still to operate it. After waiting about an hour, they saw the appellant coming along a path around the side of the cliff and carrying on his shoulder a hundred pound sack of sugar. When he got near to the still, he set the sack down upon the ground, and, as he did so, the officers rushed out and arrested him. Appellant suggested that they wait around with the idea of catching others, but the officers declined to do so, destroyed the still, and brought the appellant in to London. On the way in, the appellant, according to the officers, stated that the sack of sugar with which the officers found him was the second sack of sugar he had delivered at the still, and, when one of the officers suggested that they return for this other sack, the appellant said that it would be useless, as by that time the rats would probably have eaten into the sack. Appellant denies making this statement. The still was found located about half a mile or so from appellant's house. It was not on his ground. A highway ran near the still site, and an old haul road led up from the highway to the still. Appellant did not come

over the highway or this haul road, but around a path which led from the still towards his house.

According to the appellant, he had nothing to do with this still, and how he happened to be there at the time the officers arrested him came about in this fashion: On that Sunday afternoon he was out in his field near his home running a hog out of his fodder; while he was so doing, a man by the name of Sim Bowling, concededly a notorious bootlegger, came along in an automobile, and, pointing out to him the cliff in the distance (this being the cliff where the still was found), told appellant that he would give him $5 if he would carry the sack of sugar which Bowling had in his automobile to that cliff. Being hard up and thinking that $5 was not be ignored in these times, appellant agreed to carry the sugar over to the cliff. He said that he did not know that there was a still there, although he was suspicious; that he was a forest warden in that section, and that he thought he could kill two birds with one stone; he could earn the $5 and also discover if there was a still there likely to spread fire to the surrounding forest. He said that he thought that, if he did find such a still, he would report it to the peace officers. On the witness stand, he admitted that he had been convicted twice before of having had an illicit still in his possession; but he said that it was just for this reason that he intended reporting any still he found, as he did not wish to have any more trouble along this line.

Appellant relies on many grounds for reversal. He contends, first, that the evidence is not sufficient to sustain the verdict. He cites a number of cases wherein we held that the mere possession of apparatus designed for the manufacture of illicit liquor is not enough to sustain a conviction for the manufacture of such liquor. But obviously these cases are not in point, since appellant was not indicted for manufacturing intoxicating liquors but for having an illicit still in his possession. There was ample evidence to take this case to the jury on this proposition.

He next contends that the indictment was defective. The first count in the indictment aptly charges the offense of having in possession an illicit still. The second and third counts aptly charged the two prior convictions. There is no merit in this contention of appellant.

814

He next contends that there was error in the instructions, particularly the second instruction. In so far as pertinent, that instruction told the jury, among other things, in substance that, if the appellant knowingly aided or assisted any other person in the manufacture of liquor at the time and place mentioned in the evidence, then he had the still and apparatus in his possession within the meaning of that term as used in the first instruction. By thus instructing the jury, the court cut all the ground out from under the appellant, if the jury believed his version of the affair. According to the appellant, he was simply carrying this sugar for compensation to the still site for Sim Bowling. If this be true, the jury might well have believed that the appellant was aiding and assisting Bowling in the manufacture of liquor by carrying to his still site one of the necessary ingredients for that purpose, but that this was all that appellant was doing. If the jury thought this was the correct version of the affair, then appellant did not have the illicit still in his possession.

In Commonwealth v. Lee, 204 Ky. 575, 264 S. W. 1112, 1113, in discussing whether a witness by the name of Sadler who had sold and delivered to the accused, who was on trial for the illicit possession of a still, certain supplies for its construction and operation, was an accomplice of the accused or not, we said:

"It must not be overlooked that the offense charged is the possession of an illicit still. 'Possession' means owning, or having a thing in one's power, and one who does not own, or exercise any dominion over, a still, but merely sells to another supplies for its construction and operation, is not in possession of the still, and is therefore not an accomplice of one who owns and exercises exclusive control over the still."

Of course, the jury did not have to believe appellant's version of why he was at the still site with this sack of sugar, but, if it did, this instruction complained of was plainly prejudicial. For this reason, the judgment is reversed, with instructions to grant the appellant a new trial in conformity with this opinion.