**Deborah R. THOMPSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 12, 1981.

Discretionary Review Denied Oct. 6, 1981.

Frank W. Heft, Jr., Thom A. Marshall, Daniel Goyette, Louisville, for appellant.

Raymond J. Naber, Jr., Sp. Asst. Atty. Gen., Louisville, Steven L. Beshear, Atty. Gen., Frankfort, for appellee.

Before HOGGE, VANCE and WINTERSHEIMER, JJ.

HOGGE, Judge.

Deborah Thompson was found guilty of the offense of prostitution in Jefferson District Court and was sentenced to thirty days in the county jail. Jefferson Circuit Court affirmed the conviction. Miss Thompson appeals, asserting that the evidence on which the conviction is based was not corroborated as required by KRS 529.060(1).

The evidence before the district court consisted of the testimony of a police officer who received the offer of prostitution and the tape recording which he made of the incident. The offer was made while the officer was on duty on the afternoon of September 14, 1979, and was seated in a car with a tape recorder concealed in the console. KRS 529.060(1) states that "no person shall be convicted of prostitution solely on the uncorroborated testimony of a patron." The 1974 Commentary to this section states that KRS 529.060 requires corroboration of a type presently required for accomplice testimony. The appellant contends that the police officer was a patron, and that the tape recording did not constitute the required "independent corroborative testimony" because it was authenticated solely by the testimony of the police officer. *Smith v. Commonwealth*, Ky., 599 S.W.2d 900 (1980).

Police officers and police informers have not been considered accomplices when, in the course of their investigations, they have purchased liquor or bought narcotics to catch violators of the laws. *Brock v. Commonwealth*, Ky., 479 S.W.2d 644 (1972); *Mabry v. Commonwealth*, 201 Ky. 825, 258 S.W. 678 (1924). We believe that it is likewise true that they are not patrons of a prostitute when receiving an offer of prostitution in the course of their duties. The word "patron" has been defined as referring to a regular customer. *Black's Law Dictionary* (4th Ed. 1957). We are of the opinion that the activities of a police officer here does not fall within this definition. The intent of a police officer in talking with a suspected prostitute was not to purchase services for himself but to obtain evidence of a crime. Even if we had been of the opinion that a police officer, accepting an offer of prostitution, is a patron, and that his evidence would require corroboration, the evidence in this case falls short of showing that the officer accepted the offer of the appellant's services. It merely shows that appellant approached the officer to indicate that her services were available to him at a cost of twenty dollars. We hold that Officer Bryant was not a patron and that corroboration of his evidence was not required by KRS 529.060.

The judgment of the Jefferson Circuit Court is affirmed.

All concur.