## Baker v. Commonwealth.

(Decided December 15, 1925.)

Appeal from Knox Circuit Court.

1. Homicide—Requested Instruction on Shooting in Making Arrest, if Defendant Believed Deceased Committed Felony, Held Properly Refused, in Absence of Proof of Commission of Felony.—In prose-

cution for murder, where defendant, on approaching place where robbers confessed to have hidden his money, shot deceased fleeing from such place, a requested instruction that defendant had right to arrest deceased if he had reasonable grounds to believe that he had committed a felony, and that shooting was excusable if deceased refused to halt and his arrest was not possible otherwise, was properly refused; there being no proof that deceased actually committed a felony.

2. Criminal Law—Evidence Held to Require Instruction as to Accomplices.—In prosecution for murder where defendant and others, on approaching place where robbers confessed to have hidden defendant's money, shot at deceased, the evidence being conflicting as to who did shooting, court should have instructed as to accomplices under Criminal Code of Practice, section 241.

3. Criminal Law—"Accomplice" Defined.—An "accomplice," within meaning of Criminal Code of Practice, section 241, is one who knowingly, voluntarily, and with common intent with principal, unites in commission of crime, either by being present and joining in criminal act, by aiding and abetting in its commission, or, not being present, by advising and encouraging act.

4. Criminal Law—Sufficient Corroboration of Testimony of Accomplices in Declarations and Conduct of Defendant to Take Case to Jury.—In prosecution for murder, where evidence was conflicting as to who shot deceased, entitling defendant to an instruction that parties with defendant were accomplices, there was sufficient corroboration of testimony of accomplices in declarations and conduct of defendant to take case to jury.

5. Homicide—Proper Instruction on Involuntary Manslaughter Stated by Court of Appeals.—In prosecution for murder, where defendant and others, on approaching place where robbers confessed to have hidden defendant's money, shot at deceased, the evidence being conflicting as to who actually shot deceased, instruction on involuntary manslaughter stated by Court of Appeals for guidance of lower court on new trial.

6. Homicide—Instruction on Accidental Killing should Not be Given, where Defendant and Others Shot at Deceased.—In prosecution for murder where defendant and others, on approaching place where robbers confessed to have hidden defendant's money, shot at deceased who was fleeing from such place, no instruction should be given on accidental killing.

7. Homicide—Istruction to Acquit Defendant if Deceased was Shot by Another should have Been Given.—In prosecution for murder, where indictment charged defendant with shooting and killing deceased, instruction to acquit defendant if shot which killed deceased was fired by another should have been given, since under Criminal Code of Practice, section 124, providing that indictment must be direct and certain as regards particular circumstances of offense charged, a party charged with commission of an offense

cannot be convicted on evidence showing that he was present and aided another in its commission.

J. D. TUGGLE and BLACK & OWENS for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

Allen Baker is a country merchant in Knox county. His store was broken open and $300.00 in money was stolen. He got busy and arrested Crit Jones and Matt Shelton, whom he took to the nearest magistrate, and one of them confessed to the breaking and told Baker in a general way where they had hid the money. The magistrate committed them to some officers to take to the county seat. Baker remained there and some time later started home. His road home passed the place where he had been told the money was hidden. He was accompanied by Arthur Carnes and Will Jackson, all three of them armed with pistols. According to the proof for the Commonwealth Baker had declared that he would shoot anybody out there getting his money. Before the officers had put Jones and Shelton in jail they requested the officers to take them back to where they had hid the money and allow them to get the money and give it back to Baker. The sheriff agreed for this to be done and the officers started back with them. When this party was a short distance below where the money was hidden one man in the party accidentally discharged his pistol. Baker and his companions were several hundred yards above and heard this shot. Not long after this they heard two shots above them and walking on they came upon a horse hitched to a post on the side of the road not far from where they were told the money was hid. While they were standing there looking at the horse, a man came down the road and when he saw them wheeled and ran. They called upon him to halt; he did not stop and a number of shots were fired, one of which struck the man, who turned out to be McKinley Edwards, and resulted in his death. Baker was indicted for murder. On a trial of the case he was found guilty of voluntary manslaughter and his punishment fixed at five years in the penitentiary.

The proof is conflicting as to who fired the shots. The proof for the Commonwealth is that three shots were

fired from the same pistol in rapid succession and all by Baker. The proof for the defendant is that Carnes and Jackson were behind him; that they fired three shots before he fired any and that he shot up and not at Edwards. Put in narrative form, his testimony is in these words: "I shot only one shot, a 38 special. The man was running when I shot. I held the pistol up over him., I did not shoot at him or wish to hurt him. I shot because I thought he had my money and that I would get him to stop." Carnes and Jackson were the only other persons present and they testified that they were behind Baker and did none of the shooting. There was also some proof to the effect that the next morning at an inquest held over the body of Edwards, Baker professed not to know how Edwards was killed and later tried to get Carnes and Jackson not to tell how it did occur. On the other hand, he denies all this and denies making any threats about shooting anybody. He also introduced some proof tending to show that more than three shots were fired, and that the last shot was different from the others and that a 38 special makes a different report from an ordinary 38, which Carnes and Jackson each had. The officers came along with their prisoners soon afterwards and went to the place where they said they hid the money, but the money was gone. No money was found on Edwards when he was shot, but it was shown that he had been seen talking to the prisoners at the magistrate's house, and it was shown by them that they had told Edwards exactly where the money was.

The defendant asked the court to instruct the jury that he had the right to arrest Edwards if he had reasonable grounds to believe that he had committed a felony and that if the shooting occurred when Edwards refused to halt and his arrest could in no otherwise be effected than by shooting him, then Baker was excusable in shooting him. The court properly refused to give this instruction. In 2 R. C. L. 474, the rule on the subject is thus stated:

> "At common law a private person making an arrest for a felony had the same right as an officer to kill the actual felon if he could not otherwise be taken, but to justify a private person in killing another to prevent the latter's escape, it must be shown that a felony had in fact actually been committed."

To the same effect see 30 C. J., p. 40; 1 Russell on Crimes, side page 799. Where a felony has in fact been committed or an officer is attempting to make the arrest a different rule applies, for the officer represents the law. It is the duty of all citizens to obey the lawful command of the officer, and resistance of the officer or forceful escape from him is a public offense. Fitzpatrick v. Commonwealth, 210 Ky. 385. It has also been held that a private person may kill a felon for the prevention of a felony:

"The right to kill in defending against a robbery does not end as soon as there is such a change of possession of the property taken as will render the crime technically complete, but remains with the owner as long as the property is in his immediate presence, and the killing of the robber will prevent it from being carried away." Flynn v. Commonwealth, 204 Ky. 572.

But this case does not come within that rule, for here Edwards was only a suspected felon and there is no proof that he had actually committed a felony. After he was shot they found two quarts of whiskey in the grass not far from the horse, and he may have fled to prevent apprehension as a moonshiner.

The defendant also complains that the court gave the jury no instruction as to the testimony of an accomplice under section 241 of the Criminal Code. The rule as to who is an accomplice within the meaning of such a statute is thus stated in 1 R. C. L., p. 158:

"In order to constitute one an accomplice, he must knowingly, voluntarily and with common intent with the principal offender unite in the commission of the crime. One may become an accomplice by being present and joining in the criminal act, by aiding and abetting another in its commission, or, not being present, by advising and encouraging in its commission; but knowledge and voluntary action are essential in order to impute guilt. One may unconsciously assist in forwarding a criminal scheme. In such case he is not a criminal but merely an unconscious and therefore innocent agent."

If the Commonwealth's evidence was true Carnes and Jackson were simply innocent bystanders, walking along behind Baker, who did no shooting and took no part in

the attempt to stop Edwards; they said nothing and did nothing. According to the evidence of the defendant, they did all the shooting that was done, except that he fired one shot in the air after they had fired three shots at the fleeing man. But it may be that each of them told the truth as to the others and not the whole truth as to himself, and that all three of them were shooting. This conclusion is supported by the evidence that they all three had their pistols in their hands and ran away at once together; that the last shot was louder than the other shots, and that they acted in concert up to that time and afterwards. This view of the case should therefore have been submitted to the jury by an instruction telling them that if they believed from the evidence that Carnes or Jackson shot at Edwards on the occasion in question and that the defendant also shot at him, then Carnes or Jackson so shooting was an accomplice of the defendant Baker in the shooting, and the defendant Baker cannot be convicted on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show that the offense was committed and the circumstances thereof. There was sufficient corroboration of the testimony of these witnesses in the declarations and conduct of the defendant to take the case to the jury under this instruction. In lieu of the instruction given by the court on involuntary manslaughter the court on another trial should give the following:

"If the jury do not believe from the evidence beyond a reasonable doubt that defendant Baker shot McKinley Edwards with malice aforethought or with recklessness or gross carelessness as set out in the above instructions, but do believe from the evidence beyond a reasonable doubt that he fired his pistol aiming to shoot over McKinley Edwards, not intending to kill or wound him, and thereby said Edwards was killed, then the jury should find the accused guilty of involuntary manslaughter, an offense included in the indictment, and fix his punishment at any fine in the reasonable discretion of the jury, or by imprisonment in the county jail for any time in the reasonable discretion of the jury, or by both fine and imprisonment in the discretion of the jury."

No instruction should be given on accidental killing. Rowe v. Commonwealth, 206 Ky. 803. Instruction 2

asked by the defendant, to the effect that if the shot which killed Edwards was fired by Carnes, he should be acquitted, should have been given; for Baker was only charged in the indictment with shooting and killing Edwards. The Code provides that the indictment must be direct and certain as regards "the particular circumstances of the offense charged." (Section 124.) Under this rule a single defendant charged with the commission of an offense cannot be convicted on evidence showing that he was present and aided another in its commission. Mulligan v. Commonwealth, 84 Ky. 229; Hollin v. Commonwealth, 158 Ky. 427.

Judgment reversed and cause remanded for a new trial. Whole court sitting.