## Mullett et al. v. Commonwealth.

(Decided March 21, 1930.)

CAUDILL & TACKETT, BLAIR & HARRINGTON and E. J. PICKLESIMER for appellants.

J. W. CAMMACK, Attorney General, and GEORGE H. MITCHELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellants, Ben Mullett and Brown Mullett, were jointly indicted with their brother, John R. Mullett,

for the murder of Orville Stevens. John R. Mullett has never been apprehended and, so far as this record discloses, is still at large. The two appellants were jointly tried, were found guilty of manslaughter, and each sentenced to serve fifteen years in the penitentiary. They have appealed.

As grounds for reversal they rely, first, on an alleged insufficiency of the indictment; secondly, on alleged erroneous rulings of the trial court on questions of evidence, and, thirdly, on alleged erroneous instructions.

The deceased, Orville Stevens, and Kelly Patrick were both employed by the Royal Collieries Coal Company as store keepers in its commissary located in Offutt, a small mining community in Johnson county. The killing out of which this prosecution arose occurred on Sunday, June 12, 1927. On the Friday preceding, the appellant Brown Mullett and Stevens had had an altercation in the store in which it appears that Brown Mullett had been somewhat roughly handled by Stevens. On the Sunday in question, Patrick and Stevens had been working practically the whole morning and the early part of the afternoon on an automobile belonging to Patrick. After they had finished their work on the machine, they, together with Dr. S. M. Picklesimer, went to the commissary in order to get some "pop" to drink. A small crowd of men had gathered in front of the store talking and passing the time away as was the usual custom on Sunday afternoons. While Stevens, Patrick, and Picklesimer were in the store, John Mullett and Ben Mullett came up. According to Ben Mullett, he had gone after his brother John to procure the latter's help in freezing some ice cream and the two were on their way back to Ben's house for that purpose. As they passed the commissary they saw the autmobile of Patrick sitting there, and, as an automobile was still a rarity in that community, they had stopped to take a look at it. According to the evidence for the commonwealth, on their arrival at the commissary John Mullett asked if Stevens and Patrick were in the store, and, on being informed that they were, he shifted his position and placed himself in front of the door to the store and where he would be face to face with them as they came out. According to Ben Mullett, the inquiry was as to whose car the automobile was and on being informed that it belonged to Patrick, they just casually asked where Patrick was. While Ben

and John Mullett were thus standing there in front of the commissary, Ben talking to the people in the yard, Brown Mullett came down the railroad track in company with a young lady. On reaching the commissary he joined the crowd there in the yard. Up to this point there is but little contrariety in the testimony. What occurred thereafter is in some dispute. According to the proof for the commonwealth, after Patrick, Stevens, and Picklesimer had finished drinking their "pop" they came out of the store through the front door, Stevens carrying a little satchel which was fastened by a strap and in which, as it developed, there was a can of varnish or cream, and two pistols. Stevens and Patrick stepped out on the front porch together and side by side. Just as they did John Mullett fired his pistol, the shot piercing Stevens' heart. Stevens slumped on the ground dead, John R. Mullett cursing him as he fell. As John Mullett fired at Stevens, Ben Mullett, whose gun as well as that of Brown Mullett was drawn and pointed in the direction of Stevens and Patrick, fired his gun, the shot taking effect in Patrick's arm. Brown Mullett and Ben Mullett continued to train their pistols upon Patrick until Ben Mullett came up and disarmed Patrick and thereupon the three brothers left the field of battle. According to the testimony of Ben Mullett, he did not see the three men as they emerged from the store and the thing that attracted his attention to them was the sound of a shot which turned out to be the one fired by John and which killed Stevens. On hearing this shot, Ben whirled around and saw Patrick drawing his gun and thereupon he drew his pistol and shot Patrick. Ben Mullett does not claim to know at the time he shot Patrick what had first happened between John and Stevens, but he said he shot Patrick to prevent Patrick shooting anybody else. The defendants presented no evidence as to what Brown Mullett was doing or saying during this shooting.

Considering the grounds for reversal in the order named, we will first address ourselves to the complaint as to the indictment. Counsel for appellants in their brief present their entire argument about the indictment in these words:

> "Our contention in this matter is that the indictment does not state facts sufficient to support a conspiracy as it only states that the killing was done by John R. Mullett, and that the defendants aided and

assisted him in the killing. The indictment merely charges them as aiders and abettors, and on this point we wish to submit the authorities herein cited."

No authorities are cited in support of the appellants' position. Aside from the fact that the appellants were not convicted for a conspiracy but only as aiders and abettors, we are of opinion, after a careful reading of the indictment, that it would have been sufficient had the appellants been convicted for the conspiracy charged.

Passing to the second ground, we find that counsel for appellants have simply gone through the record and copied therefrom the number of each question to which they interposed objections and after this catalogue they say:

"We feel that by the court reading the evidence that is especially referred to here and see the reading of the record as a whole, you will see that the jury in this case was greatly influenced by incompetent evidence in the case."

This is all they have to say about the evidence of which they complain. We have steadily declined to accept general invitations to search the record in order to ascertain if any incompetent evidence has been admitted. Peake v. Thomas, 222 Ky. 405, 300 S. W. 885. The brief of the appellants amounts to no more than such a general invitation. In no instance do counsel undertake to point out why they are of opinion that the particular evidence objected to was incompetent. The copying of the pages in the record where all questions objected to may be found, without more, amounts to no more than a blanket assertion in a brief that much incompetent evidence can be found by simply reading the record. Further, we are unable to agree with what argument counsel do advance in support of their second ground for reversal and can find no merit in it.

The last ground relates to erroneous instructions, and, under this heading, two criticisms are made. First, it is urged that the court erred in submitting a conspiracy instruction. Conceding arguendo that there was no evidence of a conspiracy, we yet find that the appellants were not convicted under the conspiracy instruction but under the instruction which simply submitted the question whether they were aiders and abettors of John R. Mullett in the murder of Stevens. Hence the

giving of the conspiracy instruction was not prejudicial to any substantial rights of the appellants. Claxton v. Commonwealth, 221 Ky. 207; 298 S. W. 702; Howard v. Commonwealth, 230 Ky. 738, 20 S. W. (2d) 748.

The other complaint is directed to the instruction on self-defense which limited appellants' rights in that regard to reasonably apprehended peril at the hands of Orville Stevens only. It is contended that the appellants were entitled to have included in the instruction the idea of reasonably apprehended peril at the hands of Patrick. There was no evidence whatever, in the record, to show any concert of action between Stevens and Patrick to do harm to any one. Indeed, the record establishes without any dispute that Stevens was doing nothing at the time he was shot to justify John Mullett in shooting him. It is highly doubtful if any self-defense instruction should have been given in this case. At least, in the absence of some showing of a concert of action between Stevens and Patrick, John Mullett would not have been justified in shooting Stevens, who was doing nothing, simply because he was reasonably apprehensive of danger at the hands of Patrick, nor would the appellants have been justified in aiding and abetting him on any such basis. O'Hara v. Commonwealth, 164 Ky. 403, 175 S. W. 637. Hence it is apparent that the court did not err in failing to embody in the instruction of self-defense it gave, the idea which appellants say should have been inserted therein.

No error prejudicial to appellants' substantial rights appearing, the judgment is affirmed.