## Hendrickson v. Commonwealth.

(Decided June 20, 1930.)

6

M. G. COLSON for appellant.

J. W. CAMMACK, Attorney General, and DOUGLAS VEST for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Reversing.

The appellant and defendant below, Bill Hendrickson, and one Ben Dewey Jones, were jointly indicted by the grand jury of Bell county, in which they were accused

of feloniously and unlawfully breaking and entering the storehouse of A. P. Napier with the felonious intent of stealing therefrom articles of value, and which they did, and appropriate them to their own use. At his separate trial thereunder, appellant was convicted and punished by confinement for one year in the state penitentiary. His motion for a new trial was overruled, and from that order and the judgment pronounced on the verdict he prosecutes this appeal, and in brief of counsel it is argued that the court at the trial committed two errors sufficiently prejudicial to defendant's rights to authorize a reversal of the judgment, and which are: (1) Failure of the court to sustain defendant's demurrer filed to the indictment; and (2) failure of the court to give to the jury the whole law of the case—each of which will be disposed or in the order named.

1. It is a sufficient answer to ground 1 to say that we have searched the record in vain to find where any demurrer was ever filed to the indictment; but, nothwithstanding that fact, counsel laboriously argues that the proof showed that the owner of the storehouse charged to have been unlawfully entered was proven to be S. B. Napier, whereas the indictment charged that the owner of the storehouse unlawfully entered was A. B. Napier, and the record discloses such to be the facts. But the variance in the name, if conceded to be fatal, could not be reached by a demurrer to the indictment if one had been filed thereto. The appropriate practice would be a direction by the court to acquit defendant because of the fatal variance between the indictment and the proof. Lissenbee v. Commonwealth, 198 Ky. 639, 249 S. W. 782. However, there was no motion made for such an instruction; but under the rule that in criminal prosecutions it is the duty of the court to give the entire law of the case, perhaps, the error would be embraced by ground 2, supra, and which we will now discuss and determine.

2. Since there must be a reversal for the reason hereinafter stated, upon a return of the case the commonwealth's attorney should dismiss the indictment and resubmit it to the grand jury so as to correct the error therein in the name of the owner of the house alleged to have been broken into. In so ordering we do not adjudge the variance, under the circumstances, fatal; but the question is not altogether clear, and, to say the least, is somewhat doubtful, and for that reason we have directed

the course that we think the commonwealth's attorney should pursue.

An undoubted error, however, under this ground was committed by the court when it failed to instruct the jury as to the weight to be given the testimony of Dewey Jones, appellant's codefendant in the indictment and who testified at the trial as a witness for the commonwealth and gave material testimony to establish appellant's guilt of the charge preferred in the indictment upon which he was tried. However, the evidence did not conclusively, nor any more than circumstantially, establish the fact that either the witness Jones or the appellant committed the offense with which they were charged; but the facts and circumstances testified to by the prosecuting witnesses establish a chain of circumstances sufficient to authorize the submission of the case against either or both of them and to uphold a verdict of guilty as to either of them. Section 241 of the Criminal Code of Practice withholds from the jury in a criminal case the right to convict upon the testimony of an accomplice "unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show that the offense was committed, and the circumstances thereof." Section 242 of the same Code points out the duty of the court in such cases, and in the notes to section 241 are a great number of cases wherein it was held by this court that under the circumstances above outlined it was the duty of the court to instruct the jury under the provisions of the two sections referred to, and that where the facts authorize it a failure to do so universally has been held by us to be such an error as to require a reversal of the judgment. If the witness is a confessed accomplice, then it is the duty of the court to treat him as such and instruct the jury in compliance with the sections of the Criminal Code, supra, as above indicated; but if there is some evidence that the witness was an accomplice, but the fact is disputed, then the jury should be told, in substance, that if they believe from the evidence that the witness was an accomplice, then they should give it effect only as outlined in the sections of the Criminal Code referred to.

The proper rule of practice in such cases, where the testimony of an accomplice is involved, as outlined by this court in an unbroken line of decisions, is thus stated by the learned author of Roberson's New Kentucky

Criminal Law and Procedure (2d Ed.) sec. 209: "In such case (where there is a conflict in the evidence as to whether the witness is an accomplice) the court should instruct the jury as to what constitutes an accomplice, and leave it for them to determine whether the witness was in fact an accomplice; and this they must ascertain mentally, 'as our method of criminal procedure submits only the general issue to the jury, and does not admit of answer by them to any intermediary questions in the record.' If the jury is of the opinion that the witness was an accomplice, it should acquit the accused, unless the corroborating evidence exists. But where the facts are not in dispute, or where the acts and conduct of the witness are admitted, it becomes a question of law for the court to say whether or not those acts and facts make the witness an accomplice." Some of the cases cited in the notes sustaining that text are Smith v. Commonwealth, 148 Ky. 60, 146 S. W. 4; Elmendorf v. Commonwealth, 171 Ky. 410, 188 S. W. 483; and Deaton v. Commonwealth, 157 Ky. 308, 163 S. W. 204. Numerous later ones from this court, without exception, approve and adopt the same rule based upon the involved sections of the Criminal Code, and there is no case to the contrary.

But it might be said that, under the provisions of sections 340 and 353 of the Criminal Code of Practice, this court would be authorized in a proper case to disregard the error in failing to instruct with reference to the testimony of an accomplice if, upon the entire record, no substantial right of the defendant was prejudiced thereby; but our answer thereto is that we have searched our decisions in vain to find any case, where the same error was relied on, in which this court disregarded it and affirmed the judgment under the authority conferred by either of the latter two sections. It might be that, if the testimony of the accomplice was overwhelmingly corroborated by other testimony, and to such an extent as that as the facts testified to by him were overwhelmingly proven without his testimony, or if the accomplice testified only to collateral and remote facts having but little value in determining defendant's guilt, then, and in every such case, the court would be authorized to affirm the judgment of conviction, notwithstanding the error of the court in failing to instruct the jury as to the weight to be given the testimony of the accomplice.

But the testimony of the alleged accomplice, Dewey Jones, in this case, is of no such trivial nature. He tes-

tified to most relevant and pertinent facts bearing upon defendant's guilt, and the express mandate of the sections of the Code requiring the instruction that was omitted in this case cannot be dispensed with upon the theory that the jury, possibly, would have convicted defendant if the proper instruction had been given. It is a well-known fact that juries are prone to give weight to the testimony of one who himself participated in the commission of the crime and the court may not speculate as to the amount of credence the jury gave to such testimony, unless, perhaps, it should be of such a trivial nature, or otherwise overwhelmingly corroborated, as hereinbefore pointed out. It is sufficient to say that the Legislature in enacting sections 241 and 242 of the Criminal Code of Practice saw proper to enjoin such a duty upon the trial court and which should be complied with unless, perhaps, for the reasons and under the circumstances hereinbefore stated.

It appears, therefore, that this ground 2 is meritorious, and from which it follows that the court erred in failing to instruct the jury as indicated, and the judgment is reversed, with directions to set it aside and grant a new trial, and for proceedings consistent with this opinion.