## Wicker et al. v. Commonwealth.

(Decided January 23, 1931.)

CAUDILL & TACKETT for appellants.

J. W. CAMMACK, Attorney General, and HOWARD SMITH GENTRY for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellants, Bill Wicker and Everett Kinley, were convicted of the offense of voluntary manslaughter, and sentenced to serve five and two years, respectively, in the state penitentiary. They appeal.

As grounds for reversal, they argue that their demurrer to the indictment should have been sustained; that the court erred in the admission and rejection of testimony; that the instructions were erroneous; and that Everett Kinley was entitled to a peremptory instruction.

. The case will have to be reversed on account of error in the self-defense instruction; it being the same instruc-

tion condemned in the cases of Slone v. Commonwealth, 236 Ky. 299, 33 S. W. (2d) 8, and Oliver v. Commonwealth, 236 Ky. 672, 33 S. W. (2d) 684, decided December 19, 1930. This being true, we do not deem it necessary to discuss whether the refusal to sustain appellants' demurrer to the indictment was prejudicial error or not. This indictment was returned by the grand jury of Knott county; that being the county in which the homicide occurred. There are three counts in the indictment. In the first two, it is averred that the homicide occurred in Knott county, but in the third count, no doubt through a mistake on the part of the drafter of the indictment, it is averred that the homicide occurred in the county of Floyd. Before this case is tried again, the trial court should refer this indictment back to the grand jury of Knott county in order that this error may be corrected.

So far as the admission and rejection of testimony is concerned, the question is presented in this court in the same manner as that condemned in the case of Mullett v. Commonwealth, 233 Ky. 785, 26 S. W. (2d) 46. However, as this case must be tried again, we have decided to examine this complaint of the appellants. They catalogue in their brief twenty-six claimed objections made by them to the testimony. In three instances no exceptions were reserved to the ruling of the court. In two instances appellant did not even object. In three instances their objections were sustained. In the remaining eighteen instances, the rulings of the court were so obviously correct that neither time nor space need be taken to discuss them in detail.

With regard to the contention of Everett Kinley that he was entitled to a peremptory instruction, the question is reserved, as the evidence on the next trial may be different from that on the last. We may point out to counsel, however, that their argument addressed to the proposition that Kinley was entitled to a peremptory because no conspiracy was established in this case falls to the ground because the jury did not convict either of the appellants under the conspiracy count or under the conspiracy instruction, for, had it done so, it would have had to convict them of murder. They were convicted only of voluntary manslaughter. Hence it follows that Kinley was convicted because the jury thought that he was an aider and abettor of Wicker, who did the actual killing.

Judgment reversed.