## Fox v. Commonwealth.

(Decided March 24, 1933.)

C. C. BAGBY and CHARLES H. FAIR for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

The appellant, Jess Fox, and Clyde Luttrell were jointly indicted by the grand jury of Casey county, in which they were accused of maliciously and feloniously killing and murdering Charley Fox, on Sunday evening, December 13, 1931, "by shooting and wounding him with a pistol and by cutting and wounding him with a

knife, from which shooting and cutting the said Charley Fox did die within a year and a day thereafter.''

Upon the severance of the indictment and separate trial thereunder, the jury returned its verdict, finding the defendant, Jess Fox, ''guilty of willful murder with his malice aforethought, caused by stabbing with a knife and not by shooting Charley Fox, and fix his punishment at confinement in the penitentiary for life.''

Appellant filed motion and grounds for a new trial which the learned trial judge, after mature consideration, overruled.

From this verdict and the judgment entered thereon sentencing him to life imprisonment, appellant prosecutes this appeal, urging a reversal on the following grounds: (1) The verdict is against the law and the evidence; (2) the verdict is flagrantly against the weight of the evidence; (3) the court erred in overruling demurrer to the indictment; (4) the court erred in overruling defendant's motion for peremptory instruction to acquit the defendant; (5) the court erred in the instructions given and failed to give all the law in the case; (6) the court erred in admitting incompetent and prejudicial testimony offered by the commonwealth and to which the defendant objected; and (7) the court erred in overruling defendant's motion, made when the verdict was returned, to arrest judgment on the verdict.

For the clearer consideration and disposition of these assignments of error, it is needful to here give a brief synopsis of the evidence heard upon the trial.

. Robert Hammonds testified for the commonwealth that the difficulty between appellant and decedent occurred on the front porch of the home of Clyde Luttrell, appellant's co-defendant, in Dunnville, Casey county, Ky., shortly after dark and while he was standing but a few feet away, in the road; that he heard their quarrel as it began between them at this time, out on the porch, Jess Fox saying, as he advanced on Charley, ''You swore a God damn lie on me in the Foley case,'' and that Charley answered, ''Listen here Jess Fox,'' when Jess immediately grabbed him with his left hand by the shirt collar and began striking him with his right; that while they were fighting and scuffling on the porch, the codefendant, Clyde Luttrell, came from the back of the house out on the porch, close up to the decedent, carrying a pistol in his hand, which he fired,

the shot hitting decedent in the knee; that appellant and Luttrell then began scuffling over the pistol, when another shot was fired; and that Luttrell, appellant, and decedent were all scuffling and Luttrell was beating the decedent in the stomach with the butt of the revolver, or some object, when the appellant wrenched the gun from Luttrell; that he did not see either of the two attacking participants in the difficulty with a knife; that the decedent, after being struck by Luttrell, leaned over, staggered a step or two, and fell onto the porch and thence to the ground, when appellant, Jess Fox, disappeared in the dark and Luttrell withdrew into the house; and that witness Hammond then secured assistance and carried decedent into Luttrell's house, where, upon an examination, it was found that he had been slightly wounded by the shot in the knee and had received a fatal injury from a two inch cut or stab across the stomach, near the navel.

Dr. Wesley testified that he was called to see decedent, when he found him suffering with a stab wound in the stomach about an inch or two long, which appeared to have been inflicted with a knife blade or other sharp instrument and also a gunshot wound below the knee. He gave it as his opinion that the gunshot wound was of minor character and that the decedent died from the stomach stab wound.

Decedent, in his dying declaration, given shortly before his death to E. L. Cundiff, county judge, stated that "Clyde Luttrell is the man that done the shooting," that he shot him in the knee, and that the appellant, Jess Fox "is the man that killed me; that he cut me with a knife, while I was lying on the ground; that they were all drinking at the time; that Jess said he swore a God damn lie against him in the Foley case, when he told him he was another, that he didn't; that he and Jess went out on the porch; and that Clyde Luttrell came out and fired two shots, one of them striking him in the knee, when he fell to the ground."

Appellant, Jess Fox, testifying in his own behalf, stated that just prior to this trouble, he had started from the kitchen in the back of Bill Luttrell's house, where he had been drinking with the codefendant, Luttrell; that on his way out, he met the decedent, who called to him to wait a minute, when he stepped into an adjoining room and at once returned, with his hands

in the bib of his overalls, and said to him, "You have been telling around that I swore a lie about you," to which appellant answered, "Charley, you did," when the decedent drew his pistol, which appellant grabbed and which was twice discharged while they were scuffling for it on the porch; that he secured possession of the pistol in their struggle for it, and as he and decedent raised up, Clyde Luttrell was standing close by; that Clyde struck and beat the decedent, when decedent leaned forward and walked from out of the light of the window, towards the edge of the porch; and that he did not see him fall onto or off the porch nor know that he was cut or shot until some time after the difficulty.

Elmer Thomas and his wife, defense witnesses, testified that about an hour before the trouble, the decedent came to their house to borrow Elmer's pistol, with which, he said, he wanted to "kick off" the appellant and codefendant, Luttrell, but that they did not lend it to him.

Upon the closing of the evidence for the defense, the commonwealth introduced the codefendant, Clyde Luttrell, in rebuttal and asked him only the one question, "Did you cut Charley Fox in the stomach with a knife?" To which he answered, "No sir."

With this brief summary of the evidence as here given, we will now consider appellant's objections urged for a reversal of the judgment.

It is argued in support of the first urged complaint that the verdict was flagrantly against the evidence and contrary to the law and evidence.

It is clear that this contention is without merit and untenable, for the reason that there was here ample evidence to sustain the verdict, its weight and credibility presenting a problem to be solved by the jury alone. A verdict is not palpably against the evidence when it is such that it is reasonable for the jury to find from the entire record that the accused is guilty of the crime charged.

The function of finding the ultimate facts from conflicting testimony is imposed by law upon the jury, and when the evidence affords any fair and reasonable grounds up which its verdict might be sustained, it cannot be said, as a matter of law, that the result reached was palpably against the proof adduced. Shepherd v. Commonwealth, 236 Ky. 292, 33 S. W. (2d) 4; Barton

v. Commonwealth, 240 Ky. 786, 43 S. W. (2d) 55; Warner v. Commonwealth, 241 Ky. 118, 43 S. W. (2d) 524; White v. Commonwealth, 225 Ky. 596, 9 S. W. (2d) 720; Kidd v. Commonwealth, 218 Ky. 153, 291 S. W. 4; Collins v. Commonwealth, 218 Ky. 189, 291 S. W. 1; Salyers v. Commonwealth, 229 Ky. 153, 16 S. W. (2d) 509; Cheatham v. Commonwealth, 228 Ky. 765, 15 S. W. (2d) 525; Tackett v. Commonwealth, 229 Ky. 312, 17 S. W. (2d) 241. The Court of Appeals may not reverse a conviction unless satisfied that the substantial rights of the defendant have been prejudiced. Criminal Code of Practice, secs. 340 and 353.

The third objection of appellant is that the court erred in overruling the demurrer to the indictment, but this complaint has been abandoned, as in brief of counsel it is admitted that the same was properly overruled by the court.

Appellant's next complained of error, alleged committed by the trial court, is that it overruled defendant's motion for a peremptory instruction. Appellant, by brief of counsel, however, states that when asserting this ground of alleged error, he was influenced in so doing by the belief that the variance between the proof and the indictment was sufficient to entitle him to a peremptory instruction, but later in brief states he has now concluded that this variance, first complained of, was not such as should deprive the commonwealth of the right to submit the case to the jury under proper instructions. We will, therefore, treat this objection, assigned as ground 4, as also abandoned by appellant, thus relieving us of the need for its further discussion.

We will now turn our attention to a consideration of the questions presented by objection 5, urging that the court erred, (a) in its instructions as given the jury, and (b) in its failing to give other instructions, required for covering the whole law of the case.

Appellant, by counsel, first complains that the court erred (1) in instructing the jury that it should find the defendant, Jess Fox, guilty if they should from the evidence believe that he was guilty of aiding and abetting Clyde Luttrell in killing decedent, contending that such instruction was erroneous in that the indictment did not charge the appellant with aiding and abetting Clyde Luttrell in killing the decedent, but only charged that

Jess Fox and Clyde Luttrell "killed and murdered Charley Fox by shooting him with a pistol and by cutting him with a knife," and without describing the manner of the shooting or cutting; and also that the court again erred (2) in instructing the jury to find the appellant guilty if it believed that he "shot and killed the decedent" or that he either "shot or cut Charley Fox," when the evidence was undisputed that the appellant did not shoot Charley Fox, and also that he was not killed by the gunshot wound, but clearly by the fatal stab or cut inflicted by a knife or other sharp instrument.

We are, however, of the opinion that appellant's contentions in this are not to be sustained, as the action of the court, in giving the complained of instruction on "aiding and abetting," cannot here be considered as prejudicial to the appellant, in that the jury, it is clear, did not thereunder convict the appellant for aiding and abetting Luttrell in the killing of decedent, in that, by the positive statement of its verdict, it expressly found appellant guilty of murder by "stabbing with a knife and not by shooting Charley Fox."

The question here raised upon this objection, alleging as erroneous the giving of an instruction on aiding and abetting where the indictment does not charge aiding and abetting, was before this court and otherwise decided in the recent case of Bingham v. Commonwealth, 242 Ky. 676, 47 S. W. (2d) 522, 523, where the court, in the course of its opinion, said:

"A like contention to that now made by appellant was presented in the case of Deaton v. Commonwealth, 211 Ky. 651, 277 S. W. 1001, 1003, and was there disallowed. We said:

" 'The petition (for rehearing) complains only of the failure of the court to pass upon the alleged error of the trial court in authorizing a conviction of the appellants, or any of them, for aiding and abetting in the commission of the crime, when the indictment charges no aiding and abetting, but is merely a joint indictment against each of the defendants, charging them jointly as principals with the commission of the crime.

" 'The correct rule appears to be that, where a defendant is alone indicted and charged as principal with the commission of a crime, and the evi-

dence discloses that, while he did not actually commit the crime, he was present and aided and abetted another, or others, in so doing, there can be no conviction under that indictment for aiding and abetting, for the reason that he has not been brought into court charged with aiding and abetting. But where two or more defendants are jointly indicted, charged as principals with the commission of a crime, and there is nothing said about aiding or abetting, if the evidence discloses that one of them was the chief perpetrator, and the other or others present and aiding and abetting, an instruction authorizing their conviction for aiding and abetting is proper, because they are all regarded as principals.' ''

By objection 2 to the instruction as given, it is urged, as stated above, that the court again erred in instructing the jury to find appellant guilty if it believed that he shot and killed decedent. Appellant bases his objection to such instruction upon the ground that the evidence indisputably showed that the decedent was not shot by the appellant, nor did he die from the gunshot wound received in the struggle, but from the fatal stabbing inflicted upon the decedent.

We are of the opinion, however, that this contention of appellant is also frivolous and is substantially answered by our reasons stated in the disposition of objection 1, supra, to the effect that the instruction given, even if the same was not based upon the evidence heard in the case, was yet not here prejudicial, in that the verdict of the jury clearly showed that the defendant was not found guilty under the complained of instruction, of killing, by shooting, decedent. It may be conceded that the evidence here showed that the decedent died from the knife wound and not from the minor injury received through the pistol shot wound in his knee. Under the rule that only such instructions should be given as are supported by the evidence, this complained of instruction should perhaps properly not have been given. However, we are yet unable to find from our examination of the record where the instruction, even if here uncalled for, was prejudicial to appellant's substantial rights upon the trial, in view of the jury's verdict expressly stating that they found the appellant guilty of murder ''by stabbing with a knife and not by shooting Charley Fox.''

A like question to the one here presented was raised and answered in the case of Mullett v. Commonwealth, 233 Ky. 785, 26 S. W. (2d) 46, 47, where the court, holding it untenable, said:

"The last ground relates to erroneous instructions, and, under this heading, two criticisms are made. First, it is urged that the court erred in submitting a conspiracy instruction. Conceding arguendo that there was no evidence of a conspiracy, we yet find that the appellants were not convicted under the conspiracy instruction but under the instruction which simply submitted the question whether they were aiders and abettors of John R. Mullett in the murder of Stevens. Hence the giving of the conspiracy instruction was not prejudicial to any substantial rights of the appellants. Claxton v. Commonwealth, 221 Ky. 207, 298 S. W. 702; Howard v. Commonwealth, 230 Ky. 738, 20 S. W. (2d) 748." See, also, Wicker v. Commonwealth, 237 Ky. 119, 34 S. W. (2d) 964.

We will now consider the further and most serious complaint set out in appellant's objection No. 5, urging most earnestly and insistently upon us, as an outstanding ground for reversal, that the court most prejudicially erred in failing to instruct the jury upon the whole law of the case, in that it failed to give an instruction requiring corroboration of the testimony of the codefendant, Clyde Luttrell, who, he contends, it is undisputed, testified as an accomplice of the defendant, Jess Fox.

Luttrell was by the indictment charged as a joint principal with the appellant in the murder of the decedent, Charley Fox, and it is clearly shown by the evidence that both the appellant, Jess Fox, and this codefendant, Clyde Luttrell, were participants in the fight or difficulty with Charley Fox, which resulted in his death.

Section 241 of the Criminal Code of Practice provides that:

"A conviction can not be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely show that the offense was committed, and the circumstances thereof."

The following section 242 of the Code provides that if the requisition of section 241 is not fulfilled, the court shall instruct the jury to acquit; and it is held to so instruct in the language of section 241 of the Code as quoted supra. Craft v. Commonwealth, 80 Ky. 349; Patterson v. Commonwealth, 86 Ky. 313, 5 S. W. 387, 9 Ky. Law Rep. 481; Taylor v. Commonwealth, 8 S. W. 461, 10 Ky. Law Rep. 169; and numerous later cases.

The vital provision of this section 241 requires not only corroboration of the testimony of an accomplice, as to the commission of the offense, but also requires such further corroboration as is sufficient to connect the accused with the commission of the offense; that is, the other evidence, sufficient to convict, must be evidence tending to connect the defendant with the crime. Frazier v. Commonwealth, 190 Ky. 196, 226 S. W. 1069; Harper v. Commonwealth, 211 Ky. 346, 277 S. W. 457; Goodin v. Commonwealth, 212 Ky. 561, 279 S. W. 984; Commonwealth v. Shouse, 231 Ky. 690, 22 S. W. (2d) 99. As a test for determining if such required corroboration of the testimony of the accomplice exists, the rule is declared to be that, if the testimony of an accomplice be eliminated from the case and the testimony of other witnesses tends to connect the defendant with the offense, the accomplice has been corroborated. Commonwealth v. McGarvey, 158 Ky. 570, 165 S. W. 973; Shields v. Commonwealth, 203 Ky. 118, 261 S. W. 865; Mulligan v. Commonwealth, 202 Ky. 841, 261 S. W. 616; Privett v. Commonwealth, 233 Ky. 471, 26 S. W. (2d) 3. But it is held not to be necessary that the jury should believe beyond a reasonable doubt that the other evidence corroborates the accomplice. Hall v. Commonwealth, 207 Ky. 718, 270 S. W. 5.

This court has held that the test as to whether or not the witness is an accomplice, within the purpose and meaning of section 241, is whether he so participated, aided, or abetted in the commission of the offense as to authorize his conviction, either as a principal or an aider and abettor, and if he could not be so convicted, he is not an accomplice. Levering v. Commonwealth, 132 Ky. 666, 117 S. W. 253, 136 Am. St. Rep. 192, 19 Ann. Cas. 140; Pierson v. Commonwealth, 229 Ky. 584, 17 S. W. (2d) 697; Duke v. Commonwealth, 201 Ky. 365, 256 S. W. 725; Crouch v. Common-

wealth, 201 Ky. 460, 257 S. W. 20; Means et al. v. Commonwealth, 238 Ky. 366, 38 S. W. (2d) 193.

In construing this section 241, we have held that the mere fact that one is indicted, or charged, with a crime in connection with another, does not make him an accomplice and whether or not he is an accomplice is a fact to be determined, like any other fact, from the evidence. Levering v. Commonwealth, 132 Ky. 666, 117 S. W. 253, 136 Am. St. Rep. 192, 19 Ann. Cas. 140; Deaton v. Commonwealth, 157 Ky. 325, 163 S. W. 204; Smith v. Commonwealth, 148 Ky. 69, 146 S. W. 4; Sizemore v. Commonwealth, 6 S. W. 123, 10 Ky. Law Rep. 1; Hendrickson v. Commonwealth, 235 Ky. 5, 29 S. W. (2d) 646; Roberson's New Ky. Criminal Law & Procedure (2d Ed.) sec. 209. "On the contrary, whether one is an accomplice must be determined from the facts, and in order to make him such his criminal participation in the crime charged must be shown by the evidence. Anderson v. Commonwealth, 181 Ky. 311, 204 S. W. 71." Pierson v. Commonwealth, 229 Ky. 584, 17 S. W. (2d) 697, 700.

The rule of practice in such cases, where the testimony of an accomplice is involved, is that where there is no conflict in the evidence, the question as to whether or not the witness is an accomplice is one of law for the court, but if witness' participation is in dispute from the testimony or circumstances, the question is for the jury under proper instructions. Pierson v. Commonwealth, 229 Ky. 584, 17 S. W. (2d) 697; Boggs v. Commonwealth, 218 Ky. 782, 292 S. W. 324; Baker v. Commonwealth, 212 Ky. 50, 278 S. W. 163; Hendrickson v. Commonwealth, 235 Ky. 5, 29 S. W. (2d) 646.

Applying the definition of an accomplice and the tests provided in these cited cases for determining when the witness is such and thus when the testimony of the witness is that of an accomplice and comes within the mandate of section 241, supra, requiring that where it is, an instruction be given the jury as to its corroboration, before conviction can be had upon it, leads us to conclude that the codefendant, Clyde Luttrell, upon the evidence heard in the instant case comes well within the definition and prescribed tests and is to be considered as an accomplice of the appellant, even though not expressly so charged in the indictment.

Therefore, conceding, at least arguendo, that Lut-

trell, when measured by this rule and test, is, and testified as, an accomplice of the appellant, the question then presented is: Was the lower court's failure to give to the jury the instruction required in such case by section 241, upon the corroboration of Luttrell's testimony, such a failure or error on the part of the court to instruct upon the whole law of the case as to constitute it a reversible error, or as one, because of such failure to so instruct, that has prejudiced appellant in his substantial rights upon the trial?

The appellant earnestly insists that this failure to so instruct was of such gravity and that it is the outstanding error committed by the court upon the trial, and one clearly entitling him to a reversal of the judgment therefor.

The record shows that appellant's codefendant, Clyde Luttrell, was first called by the commonwealth, as its witness, to testify in rebuttal, after the defendant had closed his case. When thus called, he was asked by the commonwealth only the one question, "Did you cut Charley Fox in the stomach?" To which he answered, "No sir." Luttrell, in thus testifying, did nothing more than deny cutting the defendant, even though its effect, due to the fact that only he and the appellant were charged with the cutting, or shooting, of the decedent, or by the evidence were alone shown to have participated in the difficulty, was to indirectly testify that, as witness had not cut the decedent, it was the appellant who did cut the decedent.

The jury, however, at the time of hearing his denial of having cut the decedent, had before it decedent's dying declaration, expressly stating and charging appellant, Jess Fox, with having killed him by cutting him with a knife, and that it was the witness Luttrell who had shot him in the knee; and also it had heard the testimony of other witnesses for the commonwealth, showing that the fatal difficulty in evidence had commenced and been waged between appellant and decedent on the Luttrell porch, where he was then cut and killed.

The learned trial court, it appears by the record, gave as his written reason for overruling appellant's motion for a new trial, mainly urged upon the ground of the court's alleged error in failing to give the accomplice instruction, that:

478

> "The court finds the answer (of Luttrell, made)
> to the question asked by the commonwealth was of
> such trivial (character) and that it was so fully
> corroborated by witness Hammond and the dying
> statement of Charley Fox, that in keeping with the
> opinion of Hendrickson v. Commonwealth, 235 Ky.
> 5, 29 S. W. (2d) 646, 647; I overruled the motion
> for a new trial."

In the Hendrickson opinion here referred to, the
court, in discussing the question of the effect of the
trial court's failure to there give the instruction, re-
quired by section 241 of the Code, upon the corrobo-
ration of the testimony of an accomplice, also there
involved, said:

> "It might be that, if the testimony of the accomp-
> lice was overwhelmingly corroborated by other
> testimony, and to such an extent as that the facts
> testified to by him were overwhelmingly proven
> without his testimony, or if the accomplice testified
> only to collateral and remote facts having but little
> value in determining defendant's guilt, then, and
> in every such case, the court would be authorized
> to affirm the judgment of conviction, notwithstand-
> ing the error of the court in failing to instruct the
> jury as to the weight to be given the testimony of
> the accomplice."

However, in this Hendrickson Case, supra, here
followed by the trial court in its ruling complained of,
this court declined to disregard the error in failing to
instruct with reference to the testimony of an accomp-
lice as being there inapplicable, for the reason, further
stated in the opinion, that the testimony there given by
the accomplice was of no such trivial nature, as might
be found to exist in the hypothetical case referred to,
in that in the Hendrickson Case the accomplice had
testified to the most relevant and pertinent facts bear-
ing upon the defendant's guilt, with the result that the
express mandate of Criminal Code of Practice sec. 241,
requiring the omitted instruction upon its corrobora-
tion, could not be dispensed with under the license of
Criminal Code of Practice secs. 340 and 353, upon the
theory that the jury, possibly, would have convicted
the defendant, even had the proper instruction been
given.

However, unlike the situation there presented, we
are here, in view of the very ample and cogent evidence

of the appellant's guilt, found in the testimony of other witnesses, supporting and fully sustaining the jury's verdict finding appellant guilty of having cut and killed the decedent, without regard to or requiring therefor its consideration of Luttrell's "trivial" testimony, merely denying that it was he who cut the decedent, or only by negative intendment conveyed by testifying that it was the appellant who was guilty of thus killing him, led to conclude that Luttrell's testimony, even if that of an accomplice, was so fully corroborated by other evidence and by the decedent's dying declaration that, for such reasons, the appellant was not substantially, if at all, prejudiced by the court's omission of or the failure to give the usually required accomplice instruction, and therefore to further conclude that we are here, upon the special facts shown, making of this case one closely analogous to that suggested in the Hendrickson opinion, authorized under the provisions of sections 340 and 353 of the Criminal Code of Practice to disregard the formal error of the trial court, in failing to instruct with reference to the testimony of Luttrell as an accomplice, where, upon due consideration of the entire record, we perceive no substantial right of the defendant, guaranteeing him a fair trial, is found to have been prejudiced thereby. The testimony of the accomplice was here so fully corroborated by other testimony and to such an extent, even like unto that referred to in the Hendrickson Case, as that the facts testified to by him were overwhelmingly proven without his testimony. In such case, in the Hendrickson opinion supra, it was observed that the court would be authorized to affirm the judgment of conviction, notwithstanding the formal error of the court in failing to instruct the jury under sec. 241 of the Code, as to the weight to be given the testimony of an accomplice. We are therefore of the opinion that no substantial prejudice was here done appellant's trial rights, through the learned trial court's failure to give the accomplice instruction, or, again, from its refusing to grant appellant a new trial of this prosecution, wherein appellant stands convicted of the crime of murder, and so found upon independent, ample, substantial, and competent evidence heard by the jury establishing his guilt, upon the mere ground urged therefor that the trial court erred in not instructing the jury that Luttrell's negative testimony denying he cut

the decedent must be corroborated, in order to convict appellant, even though the fact here was that his negative testimony was fully corroborated by other abundant evidence.

Appellant further contends, as his last ground of complaint, that the trial court committed a further reversible error in permitting the commonwealth to introduce incompetent evidence, by permitting it to introduce Luttrell, the codefendant, and claimed accomplice of the defendant, to testify in rebuttal, denying that he cut the decedent, which it is claimed was by reason of the existing circumstances, in effect, testimony in chief.

Conceding, for the sake of argument, that such was the effect or character of Luttrell's testimony, we are none the less of the opinion that appellant's contention in this is again without merit.

Section 224 of the Criminal Code of Practice, prescribing the mode and order to be observed in the introduction of evidence, provides that, after its introduction in chief, "the parties may then respectively offer rebutting evidence only, unless the court, for good reason in furtherance of justice, permit them to offer evidence upon their original case."

The construction of this section of the Code has often been before the court, wherein it has declared the trial court to have thereunder ample discretionary authority, in its conduct of the trial, to permit the commonwealth in "proper instance" to introduce evidence in chief after defendant has completed his evidence. Logan v. Commonwealth, 236 Ky. 329, 33 S. W. (2d) 25; Newsome v. Commonwealth, 236 Ky. 344, 33 S. W. (2d) 36; Truax v. Commonwealth, 149 Ky. 699, 149 S. W. 1033; Allen v. Commonwealth, 176 Ky. 475, 196 S. W. 160, 164. The court in the last-named case said:

"Substantive evidence should be introduced, of course, in chief, but it is not always error to permit its introduction in rebuttal; as the trial court has a large discretion in such matters; * * * but whether error or not in this particular case we need not decide, because appellant was in no wise prejudiced thereby, since he was permitted to and did testify with reference thereto, and was not denied the opportunity of meeting this evidence as fully as he could have done had it been given in chief. A

great many witnesses were introduced on both sides, the larger part of a week was consumed in its introduction, and common experience teaches all that under such circumstances it is almost impossible to strictly observe the rules for the orderly introduction of evidence; and, to prevent a reversal for such errors in the trial as are not prejudicial to the substantial rights of the accused, sections 340 and 353 of the Criminal Code were enacted.''

We therefore conclude, for the reasons hereinabove stated, which were reached after a careful study and consideration of the whole case, that no substantial right of the appellant has been prejudiced by reason of any of the alleged errors complained of and here urged for a new trial, from which it follows that the judgment of the trial court, being in harmony with our views as herein expressed, should be, and it is, affirmed.

Whole court sitting, except Justice Clay, who was absent.