## Isom v. Commonwealth.

Sept. 24, 1940.

R. Monroe Fields, Judge.

Garred O. Cline and Steele & Vanover for appellant.

Hubert Meredith, Attorney General, and Guy H. Herdman, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

In an indictment returned by the grand jury of Pike county, Roy James, R. H. Thompson, Will Harris, B. J. Isom, Mrs. B. J. Isom, and Ed Spencer were jointly charged with the crime of grand larceny. B. J. Isom, Mrs. B. J. Isom, and Ed Spencer were tried together. At the conclusion of the evidence for the Commonwealth, Mrs. B. J. Isom's motion for a directed verdict of acquittal was sustained and she was discharged from custody. B. J. Isom and Ed Spencer were convicted, and each was sentenced to imprisonment for a term of two years. Isom has appealed. He first insists that the evidence is insufficient to sustain the verdict, and that the trial court erred in overruling his motion for a directed verdict of acquittal.

In February, 1940, two 32x6 10-ply truck tires were stolen from the premises of the Chippewa Tire Company in Pikeville, Ky. These tires were found later in the possession of Sam Moran, who operated a dry cleaning establishment and a second hand store in Williamson, W. Va. Moran testified that three men appeared at his place of business about 10 o'clock at night with the two tires and offered to sell them to him for $25. He finally purchased the tires for $15, and gave the men a check for that amount payable to cash. He identified appellant and Ed Spencer as two of the three men who came to his place of business with the tires. Appellant testified that he drove his automobile from Pikeville to Williamson, W. Va., on the night the tires were sold to Moran, but he did not know anything about the tires and did not know they had been placed in his car. His wife and Ed Spencer rode on the front seat with him, and Roy James and R. H. Thompson rode on the rear seat. When they arrived in Williamson he parked the car near Moran's place of business, and he and his wife went to a dance hall nearby. Spencer testified that he knew nothing about the tires until they arrived in Williamson when Roy James removed them from under the rear seat of the automobile and asked him to roll one of them into Moran's store. He claimed that Isom was not present at that time. The evidence that the tires were transported from Pikeville to Williamson in the automo-

bile owned and driven by appellant, coupled with the testimony of Sam Moran that Isom was present when the tires were sold, was amply sufficient to take the case to the jury and to sustain the verdict.

Appellant next insists that incompetent and irrelevant evidence was introduced by the Commonwealth. This evidence consisted of statements made under oath by appellant, Mrs. B. J. Isom, and Ed Spencer in the presence of the county attorney prior to the trial. The statement of each defendant was admissible against him or her as an admission against interest, but was not admissible against the other defendants. The court failed to admonish the jury that they should not consider the statements of Mrs. B. J. Isom and Ed Spencer against appellant, but a careful inspection of these statements discloses that neither of them contained any matter tending to incriminate appellant. The error, if any, therefore was not prejudicial.

Appellant finally insists that the trial court erred in two respects in giving instructions to the jury: First, in failing to give an instruction on petit larceny; and, second, in failing to give an instruction as to the testimony of an accomplice within the meaning of Section 241 of the Criminal Code of Practice.

James E. Trivette, manager of the Chippewa Tire Company, testified that the value of the two stolen tires was more than $100. This was the only testimony as to their value. As the evidence without contradiction shows the value of the stolen property to be in excess of $20, the court properly refused to give an instruction on petit larceny. Ballard v. Com., 263 Ky. 335, 92 S. W. (2d) 355; Divine v. Com., 236 Ky. 579, 33 S. W. (2d) 627; Goodin v. Com., 235 Ky. 349, 31 S. W. (2d) 380.

Ed Spencer was introduced as a witness by the defendants. Undoubtedly, he was an accomplice within the meaning of Section 241 of the Criminal Code of Practice. He testified that appellant was not present either when the tires were removed from the automobile or when they were sold to Moran. He testified to no fact tending to connect appellant with the crime other than the fact that the automobile was owned and driven by appellant, which appellant had admitted in his testimony. Spencer's testimony being favorable to appel-

778

lant, the failure of the court to instruct under the Code was not error. Fox v. Com., 248 Ky. 466, 58 S. W. (2d) 608; Campbell v. Com., 234 Ky. 552, 28 S. W. (2d) 790. It is not every error of law that will authorize reversal of a judgment in a criminal case. It must affirmatively appear that substantial rights of the defendant have been prejudiced. Civil Code of Practice, Section 340.

We find no error prejudicial to appellant's substantial rights, and the judgment is affirmed.