**Harlan CHANEY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 5, 1957.

Kash C. Williams, O. J. Cockrell, Jackson, for appellant.

Jo M. Ferguson, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Harlan Chaney was convicted of the offense of grand larceny in violation of KRS 433.220 and sentenced to serve one year in the penitentiary. He appeals urging these grounds for reversal: (1) The court wrongfully refused to continue the case for reasons more fully set out hereinafter; and (2) the court did not instruct the jury on the whole law of the case, because it failed to give an accomplice instruction.

Chaney, having been indicted for stealing a shotgun valued at more than twenty dollars, was tried on the 6th day of the March 1956 term of the Breathitt Circuit Court and, upon being found guilty, was sentenced to one year's imprisonment. He seasonably filed a motion and grounds for a new trial and these were sustained. Upon this ruling the indictment was quashed and the case was re-referred to the grand jury which forthwith returned a new indictment

charging Chaney with the same offense. The case was then set for trial on the 17th day of the term, which was three days after the new indictment was returned.

When this last date arrived, prior to the selection of the jury, Chaney filed a written motion, supported by an affidavit, to continue the case until the next term. He took the position that those members of the regular jury panel who did not sit at the first trial were nevertheless present in the courtroom and heard that trial and were therefore disqualified because of implied bias to sit in judgment on him on the same charge.

This motion was overruled and the court ordered a jury to be impaneled. The twelve men chosen to sit consisted of two persons from the regular panel originally summoned to serve for the March 1956 term, neither of whom, however, had been on the jury at the first trial of Chaney, and ten persons selected from twenty bystanders who had been summoned to complete the panel. Upon the voir dire examination Chaney did not challenge the jury, either as a group or as individuals, for any cause whatsoever.

After the jury was accepted by both sides and duly sworn, the case was tried and Chaney was again found guilty of the crime of which he was indicted with the result heretofore mentioned.

■ Chaney's motion and grounds for a continuance were unquestionably based upon a belief that his case would be disposed of solely by those members of the petit jury who had been summoned to hear and determine all criminal cases set for trial during the March 1956 term. It transpired, however, that the ten bystanders used at his second trial were summoned after his motion and affidavit were filed and passed on and, as a consequence, it cannot be logically argued that he had in mind any objection to their serving as jurors at the time he entered the motion. Furthermore, when the opportunity was later afforded him he did not oppose their sitting in judgment

on him. As has been mentioned, only two members of the regular panel were selected for the second jury. These two jurymen may have been possibly tinged with some bias, direct or implied, but Chaney did not exercise his privilege to strike them off the jury, which he may have done, since Section 203 of the Criminal Code of Practice entitled him to fifteen peremptory challenges in a case such as this, and the record does not reflect that he used any of the challenges at his disposal.

It is our opinion Chaney's contention that he should have been given a continuance because of his claim of implied bias on the part of the jury was properly denied.

We next consider whether the lower court should have given an accomplice instruction. An accomplice is one who knowingly, voluntarily, and with common intent, unites with the principal in the commission of the crime, either by being present and joining in the criminal act as an aider and abettor, or, if absent, by advising and encouraging in its commission. Cook v. Commonwealth, Ky., 273 S.W.2d 390; Miller v. Commonwealth, 240 Ky. 355, 42 S.W.2d 523; Baker v. Commonwealth, 212 Ky. 50, 278 S.W. 163.

Section 241 of the Criminal Code of Practice provides that a conviction cannot be had upon the testimony of an accomplice, unless such testimony be corroborated by other evidence tending to connect the defendant with the commission of the offense. Where a dispute arises as to whether the particular witness was an accomplice the trial court should instruct the jury if they believe the witness was an accomplice in the commission of the offense they should acquit the accused, unless there is other corroborative evidence which has the effect of implicating the accused with the criminal act. See Sizemore v. Commonwealth, Ky., 262 S.W.2d 817.

We have held, nevertheless, that it is not reversible error to fail to give the accomplice instruction in accordance with Section 241, mentioned above, if the testimony of the accomplice has been overwhelmingly corroborated or if the accused's guilt has been established by independent, ample, substantial evidence of a competent nature. Hendrickson v. Commonwealth, 235 Ky. 5, 29 S.W.2d 646; Fox v. Commonwealth, 248 Ky. 466, 58 S.W.2d 608.

This is a case where two persons, Chaney and one Beecher Fugate, appear to be jointly involved in the stealing of a shotgun. Each testified here that the other was the sole perpetrator of the crime. Upon the basis of this proof alone it would appear that neither was the accomplice of the other. Fugate had previously been tried and convicted in connection with the theft in question and Chaney was found likewise guilty in the case at bar.

However, even if one might conclude that both Chaney and Fugate were principals in the commission of the offense and therefore each was the accomplice of the other, there is other evidence which suggests the guilt of Chaney, namely, that of Joe Neace and his wife, Cora Neace. Their testimony was to the effect that Chaney and Fugate made a trip to the country store which Joe Neace conducts in an isolated section of Breathitt County. They had the stolen weapon in their possession on this occasion for the purpose of selling it and, after some negotiating, Joe Neace purchased the shotgun for thirty dollars. Chaney and Fugate gave conflicting statements in regard to which one of them had possession of the gun from the time it was stolen until it was sold. Joe Neace makes it clear they acted jointly in making the sale to him.

Where one is found in possession of a stolen article it becomes incumbent upon him to show how he acquired it. If such a person's evidence does not make it clear that he came by the appropriated property in a blameless manner, his mere possession of the stolen property under the circumstances not only warrants the

submission of the case to the jury but such a fact is sufficient to sustain a verdict of conviction. See Abshire v. Commonwealth, 281 Ky. 470, 136 S.W.2d 567, and the cases cited therein on this point. Chaney did not give any reason why he and Fugate had the gun, except to state that it belonged to Fugate and that he, Chaney, had no connection with the theft or possession of it. In the face of Joe Neace's testimony a jury could justifiably refuse to accept this explanation of Chaney and nevertheless find him guilty of the larcenous act.

Thus, we have testimony independent of that produced by Fugate which tended to connect Chaney with the commission of the offense. Furthermore, such evidence, standing alone, was enough to sustain the conviction here. Stated differently, the testimony of Fugate could be disregarded in its entirety and there would still remain ample proof to pin the crime on Chaney.

Wherefore, the judgment is affirmed.